In the Matter of the Dissolution of EL-ROH REALTY CORP. PHILIPPE R. SCHWIMMER, Individually and as Holder of Fifty Percent of the Outstanding Voting Shares of El-Roh Realty Corp., Appellant; JOAN ROTH et al., Respondents, et al., Respondent. ROBERT BALDWIN, ESQ., as Trustee of the Seymour Roth Living Trust, Intervenor-Respondent. (Appeal No. 1.) [851 NYS2d 777]—

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered January 3, 2007 in a proceeding pursuant to Business Corporation Law article 11. The order, among other things, dismissed the petition.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated, the motion is granted and the proceeding is stayed pending determination of the counterclaim.

Memorandum: Respondent El-Roh Realty Corp. (El-Roh) is a closely held corporation in which petitioner and respondent Joan Roth each own 50% of the voting stock. The loyalties of the members of El-Roh's Board of Directors are similarly divided, with petitioner and her husband on one side and Joan Roth and respondent Lois Roth, as executrix of the estate of Lewis Roth (collectively, respondents), on the other. Petitioner commenced this proceeding pursuant to Business Corporation Law § 1104 (a) (1) and (3), seeking dissolution of El-Roh on the grounds that director deadlock and internal dissension among the shareholders was preventing El-Roh from conducting business. In appeal No. 1, petitioner appeals from an order that, inter alia, dismissed the petition and denied respondents' motion for a stay of the proceeding as moot and, in appeal No. 2, petitioner appeals from an order that denied her motion for leave to reargue and granted the motion of respondents for partial summary judgment on their counterclaim. We note at the outset that petitioner's appeal from the order in appeal No. 2 must be dismissed insofar as petitioner contends that Supreme Court erred in denying her motion for leave to reargue (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984 [1990]).

Contrary to the contention of petitioner in both appeals, the court properly concluded that the commencement of this proceeding triggered a provision in the shareholders' agreement (agreement) of El-Roh that required petitioner to offer to sell her shares to the corporation, using the valuation method set forth in the agreement. The agreement prohibited the transfer of any shares, "including, without limitation, transfers that are voluntary, involuntary, by operation of law or with or without valuable consideration" and further provided that, if any shareholder attempted to transfer shares in violation of that provision, that shareholder "shall automatically be deemed to have offered for sale . . . all of the shares of Capital Stock then owned by such [s]hareholder" to El-Roh and the other shareholders at a purchase price "calculated by the independent certified public accountants then engaged by [El-Roh]." Thus, the commencement of this dissolution proceeding by petitioner triggered that unambiguous provision (*see Matter of Doniger v Rye Psychiatric Hosp. Ctr.*, 122 AD2d 873, 877 [1986], *lv denied* 68 NY2d 611 [1986]; *see also Matter of BBS Norwalk One*, 239 BR 440, 443 n 4 [1999]).

In examining the terms of the agreement as a whole and giving a practical interpretation to the language employed, the court properly concluded that respondents' " 'construction of the agreement is the only construction which can fairly be placed thereon' " (*Abramo v HealthNow N.Y., Inc.*, 23 AD3d 986, 987 [2005], *lv denied* 6 NY3d 714 [2006]), and thus properly refused to consider the extrinsic evidence offered by petitioner (*see Borrelli v Chamberlain*, 21 AD3d 1382, 1383-1384 [2005], *lv denied* 6 NY3d 708 [2006]). Contrary to petitioner's further contention, such a construction does not violate public policy (*see generally Matter of Pace Photographers [Rosen]*, 71 NY2d 737, 747 [1988]). We reject petitioner's contention that respondents waived their right to invoke the agreement in response to a dissolution proceeding (*see generally Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]).

Consequently, we agree with respondents that the court properly concluded that petitioner, by commencing this action, triggered the provisions that deemed petitioner to have offered her shares for sale to the remaining shareholders and to El-Roh. We thus conclude with respect to the order in appeal No. 2 that the court properly granted the motion of respondents for partial summary judgment on their counterclaim seeking specific performance of that part of the agreement requiring petitioner to offer to sell her shares to El-Roh and the remaining shareholders. We reject petitioner's contention that the court erred in directing El-Roh to engage its independent certified public accountants to determine the purchase price of the shares. Respondents met their burden on their motion with respect to their counterclaim by submitting the agreement, which unambiguously provides for such a valuation, and petitioner failed to raise an issue of fact concerning the accounting firm's ability to conduct such a valuation (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We therefore affirm the order in appeal No. 2.

Nevertheless, we conclude under the unique circumstances of this case that the court prematurely dismissed the petition by the order in appeal No. 1. In the event that El-Roh or the remaining shareholders elect to purchase petitioner's shares pursuant to the agreement, the petition may be dismissed. In the event that El-Roh or the remaining shareholders do not purchase those shares, however, petitioner will be deprived of the ability to dispose of her shares and will have no remedy. We therefore reverse the order in appeal No. 1, reinstate the petition, grant respondents' motion and stay the proceeding pending determination of the counterclaim. Present—Gorski, J.P.,

Martoche, Smith, Centra and Green, JJ. [*See* 14 Misc 3d 1212(A), 2007 NY Slip Op 50005(U).]