■ PRAMCO III, LLC, Appellant-Respondent, v PARTNERS TRUST BANK, Respondent-Appellant. [860 NYS2d 775]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered March 9, 2007. The order denied the motion of plaintiff for summary judgment on the cause of action for rescission and for leave to amend the complaint to add a cause of action for fraudulent inducement.

It is hereby ordered that said cross appeal is unanimously dismissed and the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for, inter alia, defendant's breach of an asset sale agreement (Agreement), pursuant to which defendant was obligated to disclose documents in its possession relating to the sale of two commercial loans to plaintiff. After the closing, plaintiff discovered that defendant had not disclosed the contents of the borrower's most recent draft financial statement. Following the commencement of this action, plaintiff discovered that there were other documents that defendant possessed prior to the closing but did not disclose to plaintiff, allegedly demonstrating that defendant knew or suspected that the borrower was kiting checks.

Supreme Court properly denied that part of plaintiff's motion seeking summary judgment on the cause of action for rescission. Plaintiff failed to meet its initial burden of establishing that it lacks an adequate remedy at law and that the status quo

may be substantially restored in the event that rescission is granted (*see Rudman v Cowles Communications*, 30 NY2d 1, 13 [1972]). Even assuming, arguendo, that plaintiff established its entitlement to judgment as a matter of law on the rescission cause of action, we conclude that defendant raised a triable issue of fact whether the disclosure of the documents at issue " 'was a material part of the agreed exchange' " (*Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 691 [1995]), i.e., whether defendant's failure to disclose those documents "was so substantial that it defeated the object of the parties in making the [Agreement]" (*Lenel Sys. Intl., Inc. v Smith*, 34 AD3d 1284, 1285 [2006]). The court also properly denied that part of plaintiff's motion seeking leave to amend the complaint to add a cause of action for fraudulent inducement. The fraud alleged in the proposed cause of action relates to defendant's breach of contract, "which must be enforced by an action on the contract" (*C.B. W. Fin. Corp. v Computer Consoles*, 122 AD2d 10, 12 [1986]).

Finally, we note that defendant's cross appeal must be dismissed because defendant is not an "aggrieved party" and thus lacks standing to appeal (CPLR 5511). Defendant did not seek any affirmative relief, and plaintiff's motion was denied in its entirety. The fact that the court's "decision and order" "contains language or reasoning that [defendant] deems adverse to its interests does not furnish 'a basis for standing to take an appeal' " (*Sirius Am. Ins. Co. v Vigo Constr. Corp.*, 48 AD3d 450, 451-452 [2008]; *see Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 472-473 [1986]). Present—Hurlbutt, J.P., Smith, Fahey, Green and Pine, JJ. [*See* 16 Misc 3d 351.]