■ In the Matter of the Dissolution of EL-ROH REALTY CORP. PHILIPPE R. SCHWIMMER, Individually and as Holder of Fifty Percent of the Outstanding Voting Shares of El-Roh Realty Corp., Appellant-Respondent; JOAN ROTH et al., Respondents-Appellants, and EL-ROH REALTY CORP., Respondent. [865 NYS2d 475]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered November 1, 2007 in a proceeding pursuant to Business Corporation Law

article 11. The order, among other things, dismissed the petition seeking the dissolution of respondent El-Roh Realty Corp.

It is hereby ordered that said appeal from the order insofar as it concerns the first cause of action is unanimously dismissed, the cross appeal is dismissed and the order is modified on the law by reinstating the second cause of action and by granting the motion and staying proceedings on that cause of action pending determination of the counterclaim in the 2006 dissolution proceeding and as modified the order is affirmed without costs.

Memorandum: In this proceeding seeking dissolution of respondent El-Roh Realty Corp. (El-Roh), petitioner appeals and Joan Roth and Lois Roth, as executrix of the estate of Lewis Roth (collectively, respondents), cross-appeal from an order that, inter alia, dismissed the petition (2007 petition). Petitioner previously filed a petition in 2006 (2006 petition) seeking dissolution of El-Roh "on the grounds that director deadlock and internal dissension among the shareholders was preventing El-Roh from conducting business," and respondents moved for partial summary judgment on their counterclaim seeking specific performance of that part of the shareholders' agreement (agreement) of El-Roh requiring petitioner to offer to sell her shares to El-Roh and the remaining shareholders (*Matter of El-Roh Realty Corp.*, 48 AD3d 1190, 1191 [2008]). Supreme Court issued two orders deciding the motions. By its order in appeal No. 1, the court dismissed the 2006 petition. By its order in appeal No. 2, the court granted the motion of respondents for partial summary judgment on their counterclaim for specific performance of that part of the agreement providing that, if any shareholder attempted to transfer his or her shares in any manner, that shareholder "shall automatically be deemed to have offered for sale all of the shares of Capital Stock then owned by" that shareholder.

While the appeals from those orders were pending before this Court, petitioner filed the 2007 petition. We thereafter reversed the order in appeal No. 1 that dismissed the 2006 petition, and we affirmed the order in appeal No. 2 that granted respondents' motion and "direct[ed] El-Roh to engage its independent certified public accountants to determine the purchase price of the shares" (*id.* at 1192). We determined with respect to the order in appeal No. 1 that dismissal of the petition was premature at that juncture but noted that the petition may ultimately be dismissed in the event that El-Roh or the remaining shareholders elect to purchase petitioner's shares pursuant to the agreement.

The first cause of action in the 2007 petition sought dissolu-

tion of El-Roh upon the identical grounds alleged in the 2006 petition, but the second cause of action raised the additional ground that the shareholders of El-Roh have failed to hold an annual meeting for more than two years and that such failure was preventing the corporation from properly conducting business. Prior to this Court's determination of the appeals with respect to the 2006 petition, Supreme Court granted the relief sought by respondents in their answer to the 2007 petition by dismissing the first cause of action based on the doctrine of res judicata and dismissing the second cause of action on the ground that the mere failure to hold a shareholders meeting did not warrant dissolution (*see* Business Corporation Law § 1104 [a] [1], [3]; [c]).

We note at the outset that we agree with respondents that the appeal from that part of the order dismissing the first cause of action in the 2007 petition is moot. The 2006 petition has been reinstated in accordance with our decision with respect to the order in appeal No. 1, and thus there is currently a petition pending in Supreme Court that will allow petitioner, if her shares are not purchased by El-Roh or respondents, to pursue the relief sought in the first cause of action. Consequently, we dismiss the appeal insofar as it concerns the first cause of action (*see generally Matter of Anonymous v New York City Health & Hosps. Corp.*, 70 NY2d 972, 974 [1988], *rearg denied* 71 NY2d 994 [1988]; *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713-714 [1980]).

We agree with petitioner, however, that the court erred in dismissing the second cause of action in the 2007 petition. By their first affirmative defense, respondents sought dismissal of the petition on the ground that it "fails to state a cause of action or claim upon which relief should be granted." Accepting the allegations in the petition as true and according petitioner every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), we conclude that the second cause of action sufficiently states a cause of action for dissolution pursuant to Business Corporation Law § 1104 (c), inasmuch as it alleges that El-Roh failed to hold annual meetings for more than two years, thereby preventing the election of directors and impeding the corporation's ability to conduct business (*see generally Matter of Giordano v Stark*, 229 AD2d 493, 494-495 [1996]). We therefore modify the order by reinstating the second cause of action. In view of our determination, we further modify the order by granting respondents' motion seeking to stay proceedings on the second cause of action pending determination of the counterclaim in the 2006 dissolution proceeding (*see El-Roh*, 48

AD3d at 1192). In the event that petitioner's shares are sold pursuant to the counterclaim, then the second cause of action herein will become moot and subject to dismissal along with the 2006 petition.

Finally, we dismiss the cross appeal of respondents inasmuch as they are not aggrieved by the order on appeal that, inter alia, dismisses the 2007 petition (*see* CPLR 5511). Respondents merely object to a specified sentence in the court's decision and order, and "[t]he fact that the court's decision and order contains language or reasoning that [respondents] deem[ ] adverse to [their] interests does not furnish a basis for standing to take an appeal" (*Pramco III, LLC v Partners Trust Bank*, 52 AD3d 1224, 1225 [2008] [internal quotation marks omitted]). Present—Martoche, J.P., Smith, Lunn, Pine and Gorski, JJ.