■ In the Matter of RUTH E. FRAMPTON, Appellant, v ZONING BOARD OF APPEALS FOR THE TOWN OF LLOYD, Respondent.—Levine, J. Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered November 14, 1984 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Commencing in 1983, petitioner, an owner and occupier of residentially zoned property in the Town of Lloyd, Ulster County, complained to the Town zoning inspector that a tractor trailer was being parked on the neighboring property of Jack and Catherine Herron in violation of Town Zoning Ordinance § 100-18B. By letter dated October 31, 1983, the zoning inspector wrote to the Herrons and directed them to cease and desist from the parking of the vehicle on their property. No further action was taken to enforce this directive, however, it being apparently uncontroverted that the tractor trailer was only at the premises when its owner, a friend of the Herrons, visited or stayed overnight approximately twice a month. Because of petitioner's persisting complaints, the Herrons appealed to respondent, the Town Zoning Board of Appeals (ZBA), for an interpretation of the ordinance as to whether such parking violated section 100-18B. After holding a hearing on the issue, the ZBA ruled that the section did not apply to parking for the occasional social visits involved in petitioner's complaint. The instant CPLR article 78 proceeding was then initiated. Petitioner now appeals from Special Term's dismissal of her petition.

The judgment should be affirmed. Town Zoning Ordinance § 100-145 (B) gives the ZBA the authority to decide any question of interpretation of its provisions. Therefore, the ZBA's determination is controlling as to whether the ordinance applies to a particular claimed violation unless its interpretation is unreasonable or irrational (*Matter of Frishman v Schmidt*, 61 NY2d 823, 825). It cannot be said that the ZBA acted irrationally in concluding that the general prohibition against the parking of tractor trailers on residential property is inapplicable to the occasional social visits involved here.

Petitioner, however, asserts that the ZBA's determination was invalid by reason of procedural irregularities. The first of these she points to is that the ZBA should not have enter-

tained the Herrons' appeal because they were not then "aggrieved" by any current administrative restriction on the parking of the vehicle on their property. The record, however, is devoid of any challenge before the ZBA as to its right to entertain the Herron's appeal. Since the issue was not raised at the hearing before the ZBA, it is not properly before us *(Matter of Lewis v Village Bd.,* 48 AD2d 952, 954). In any event, since the ZBA did not act arbitrarily in entertaining the Herrons' appeal in order to resolve petitioner's repeated complaints of zoning nonenforcement, its decision to accept jurisdiction should be upheld *(Edward A. Lashins, Inc. v Griffin,* 132 NYS2d 896, 898).

We are equally unpersuaded by petitioner's contention that the ZBA was preliminarily required to file an environmental assessment statement under the State Environmental Quality Review Act (ECL 8-0109). The ZBA has enforcement powers with respect to any claimed violation of the zoning ordinance (Town Law § 267 [5]), and its determination herein was, therefore, exempt from that requirement of the statute (6 NYCRR 617.2 [o] [1]).

Finally, we agree with Special Term that annulment was not required because of the failure of the ZBA to obtain a preliminary recommendation from the Ulster County Planning Board *(see,* General Municipal Law § 239-m). Such referral requirement only applies to zoning matters affecting property located within 500 feet of certain highways, municipal boundary lines or county or State parks or recreation areas *(id.).* Clearly, the ZBA's determination herein solely related to the specific violation claimed to have been taking place at the Herron premises. There being no showing whatsoever that the location of the Herron property made the statute applicable, petitioner has failed to sustain this ground for annulment.

Accordingly, Special Term's dismissal of the petition should be affirmed.

Judgment affirmed, without costs. Main, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.