■ In the Matter of TOWN OF DUANESBURG, Respondent, v WILLIAM S. VOJNAR et al., Appellants.—Weiss, J. Appeal from an order of the Supreme Court (Dier, J.), entered December 9, 1987 in Schenectady County, which granted petitioner's application pursuant to Town Law § 135 for authorization to demolish respondent William S. Vojnar's buildings.

This proceeding was initiated by petitioner to secure a demolition order for the removal of a single-family residence on each of two parcels of realty owned by respondent William S. Vojnar, and commonly identified as 174 South Shore Road and 250 Weast Road. A brief history is appropriate. An order to vacate, dated October 6, 1986, was entered upon stipulation between the parties directing Vojnar to remove or repair the structures on each parcel and further directing any occupants to vacate the premises. On March 12, 1987, petitioner's Town Board duly passed resolutions pursuant to Local Laws, 1978, No. 1 of the Town of Duanesburg finding the structures on both parcels unsafe and dangerous, and authorizing the demolition of same. These resolutions were prompted by written reports from Robert Tietz, petitioner's Code Enforcement Officer, whose recent inspections confirmed that the buildings remained structurally unsound. Vojnar failed to comply with a written notice of the resolutions which directed him to demolish and remove the buildings within 60 days. Following receipt of written survey reports prepared by Gifford Engineers and Constructors, an independent entity,* the Town

---

* Pursuant to Local Laws, 1978, No. 1 of the Town of Duanesburg § 8, where a property owner fails to comply with a directive to either repair or remove a structure, petitioner must first obtain written survey reports from its Building Inspector and an architect prior to demolition (see, Town Law § 130 [16] [d]). The property owner may also commission a "practical builder, engineer or architect" to perform a survey (Local Laws, 1978, No. 1 of Town of Duanesburg § 8). Vojnar maintains that petitioner improperly relied on the Gifford survey for Weast Road since Vojnar commissioned same. The record indicates, however, that Gifford provided Tietz with a copy of the survey, which Tietz in turn submitted to the Town Board in July 1987. Since the Town Board actually received an independent survey for this parcel, we find any technical noncompliance with the ordinance inconsequential.

Board duly authorized petitioner's Supervisor to initiate the instant proceeding for an order declaring each structure a public nuisance and authorizing demolition. Supreme Court granted the petition and Vojnar has appealed.

We affirm. Pursuant to Town Law § 130 (16), a town may provide by local ordinance for the repair or removal of a building deemed dangerous or unsafe to the public *(see also,* NY Const, art IX, § 2 [c] [10]). Our review of Local Laws, 1978, No. 1 of the Town of Duanesburg confirms that it tracks the procedural format set forth in this statutory provision. Vojnar essentially claims that petitioner failed to establish that the structures were so unsafe or dangerous as to require demolition. He emphasizes that the Gifford surveys do not identify the buildings as "unsafe or dangerous" and specifically set forth a plan for repairing each structure. The August 1987 Gifford survey of the South Shore Road parcel actually characterized the building as delapidated, outlined several structural deficiencies and concluded that "the building is in very bad condition". It was further noted that the structure could collapse during the course of renovation. As for the Weast Road parcel, the Gifford survey confirmed that the building had numerous structural deficiencies, and that extensive repairs would be required to render it habitable.

In our view, the Gifford surveys, coupled with the earlier Tietz reports, amply demonstrate that Vojnar's buildings were structurally unsafe and that demolition was appropriate. The fact that each Gifford report outlined a potential repair program does not compel a contrary conclusion *(see, Matter of Berncolors-Poughkeepsie, Inc. v City of Poughkeepsie,* 96 AD2d 595, 596-597, *appeal dismissed* 60 NY2d 701). Petitioner could properly determine that demolition, not repair, was the most viable remedy for the hazardous situations confronted. In sum, we find that the demolition order was appropriate.

Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.