■ In the Matter of CHARLES C. FREIHOFER, III, as Executor of CHARLES C. FREIHOFER, JR., Deceased, Appellant, v LAKE GEORGE TOWN BOARD et al., Respondents.—Levine, J. Appeal from a judgment of the Supreme Court (Mercure, J.), entered September 25, 1987 in Warren County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Lake George Zoning Board of Appeals granting an area variance to respondents Paul Aarons and Bonnie Aarons.

Respondents Paul and Bonnie Aarons own a 1.26-acre parcel of land located on the shore of Lake George in Warren County. The lot is divided by a municipal boundary line such that .72 acre is located in the Town of Queensbury and .54 acre is located in the Town of Lake George. The Queensbury portion of the lot is improved with a single-family residence. The Lake George portion of the lot is situated in an area classified as a RS-1 (residential special) district which permits only one single-family residence on parcels with a minimum lot area of one acre. In May 1986, the Aaronses applied for and received a building permit from the Town of Lake George zoning enforcement officer which allowed construction of a single-family residence on the Lake George portion of their land.

Petitioner, as executor of the estate of Charles C. Freihofer, Jr., owns residential property abutting the western border of

the Aaronses' Lake George parcel of land. Petitioner appealed the zoning enforcement officer's issuance of a building permit to the Aaronses. Respondent Lake George Zoning Board of Appeals (hereinafter the Board) upheld the granting of the permit after determining that the Queensbury portion of the lot was not to be considered in its decision and, therefore, the land owned by the Aaronses within the Town of Lake George constituted a nonconforming lot under section 8.40 of the town's Zoning Ordinance. At that time section 8.40 of the Ordinance provided: "No permit shall be issued that will result in the increase of any nonconformity in height, yard space, or land coverage. Nothing in this Ordinance shall prevent the use of any lot, or the erection of a building or other structure on any lot, which does not conform to the minimum area, shape, or frontage requirements of this Ordinance, provided that all other requirements of this Ordinance have been met and the owner of such lot does not own sufficient contiguous land to make a conforming [sic] lot a more nearly conforming lot."

Petitioner appealed the determination of the Board to Supreme Court in a CPLR article 78 proceeding. Supreme Court annulled the Board's decision on the ground that it was error for the Board to refuse to consider the contiguous land located in the Town of Queensbury. The Aaronses appealed Supreme Court's decision and this court reversed, finding that the Board's interpretation of the Ordinance was not irrational, and dismissed the petition (*Matter of Freihofer v Lake George Zoning Bd. of Appeals,* 137 AD2d 894).

While the appeal was pending, however, the Aaronses applied to the Board for variances from the rear setback requirement and the minimum required lot size for a RS-1 zone. After these two variances were approved by the Board, petitioner commenced a second CPLR article 78 proceeding which, *inter alia,* challenged the granting of the variances. Also during the pendency of the appeal from Supreme Court's initial decision, section 8.40 of the Town of Lake George Zoning Ordinance was amended and now provides: "No permit shall be issued that will result in the nonconformity or the increase of any existing nonconformity of any dimensional requirement as outlined in Schedule II of Article IV of this Ordinance. No structure with nonconformity of any dimension shall be expanded in any direction, vertically or horizontally, unless all the dimensions of the expansion conform to the requirements of this Ordinance. Nothing in this Ordinance shall prevent the use of any lot, or the erection of a building

or other structure on any lot, which does not conform to the minimum area, shape, or frontage requirements of this Ordinance, provided that all other requirements of this Ordinance have been met and the owner of such lot does not own sufficient contiguous land *within the Town of Lake George,* to make a nonconforming lot more nearly a conforming lot" (emphasis supplied).

The second CPLR article 78 proceeding challenged the validity of the amendments to the Ordinance and the granting of the variances to the Aaronses. Supreme Court ruled that the amendments were properly enacted and that, in light of the amended Ordinance, the proposed building project was permissible without a variance. Accordingly, Supreme Court found the question of whether the variances were properly granted to be moot. This appeal by petitioner ensued.

On appeal petitioner contends that Supreme Court misinterpreted the Zoning Ordinance when it determined that the Aaronses no longer needed the variances. According to petitioner, section 8.40 of the Ordinance permits only the use of an undersized lot for a single-family residence, and other applicable restrictions, such as setback requirements, must either be complied with or a variance obtained. In response, the Aaronses rely on the Board's first decision which granted them a building permit considering only the land located within the Town of Lake George. The Aaronses contend that that decision by the Board, which was ultimately upheld by this court, necessarily and logically entailed a determination that, under section 8.40, the building proposal was not subject to the setback and area restrictions contained in article IV, schedule II, since a building permit was issued at a time when no variance from these restrictions had been obtained.

The issue distills to whether the language in section 8.40 of the Ordinance, which permits a single-family residence to be constructed on a lot "which does not conform to the minimum *area, shape,* or frontage requirements * * * provided that all other requirements of this Ordinance have been met" (emphasis supplied), was properly interpreted to waive the setback and area restrictions which would otherwise apply to the project. Petitioner contends that such a construction of the Ordinance is irrational since it renders meaningless the proviso that there must be compliance with "all other requirements of this Ordinance". Even if we were to consider this issue as being unresolved in the first appeal and properly raised in this proceeding, we would find petitioner's contention to be unavailing. The language mandating compliance with

"all other requirements of this Ordinance" is reasonably read to refer to restrictions concerning, *inter alia,* landscaping, off-street parking, as well as the proposed structure's height and floor area requirements. Thus, we are unpersuaded that the Board's interpretation of section 8.40 when it first issued the Aaronses a building permit .was irrational or unreasonable (*see, Appelbaum v Deutsch,* 66 NY2d 975, 977; *Matter of Frampton v Zoning Bd. of Appeals,* 114 AD2d 670). Accordingly, we agree with Supreme Court that the Aaronses were not required to obtain variances and, in light of our decision in the first proceeding, the issue of whether the variances were properly granted to the Aaronses has been rendered moot.

We have considered petitioner's remaining contentions and find them to be without merit.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.