■ In the Matter of JOHN R. LINDSTROM et al., Respondents, v ZONING BOARD OF APPEALS OF THE TOWN OF WARWICK, Appellant, et al., Respondent. [613 NYS2d 427] —In a proceeding pursuant to CPLR article 78 to review a determination of the appellant Zoning Board of Appeals of the Town of Warwick, dated May 18, 1992, which determined that certain activities taking place on the property owned by the respondent Yung Sam Ski, Ltd., were lawful accessory uses, the appeal is from so much of an order of the Supreme Court, Orange County (Owen, J.), dated December 2, 1992, as annulled the determination, remitted the matter to the respondent for further proceedings, and awarded costs and sanctions to the petitioners in the sum of $1,425.

Ordered that, on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and the application is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the petition which alleges that the appellant failed to comply with the New York State Environmental Quality Review Act is dismissed, and the matter is remitted to the Supreme Court, Orange County, for further proceedings consistent herewith.

In or about May 1991 the respondent, Yung Sam Ski, Ltd., appealed to the Zoning Board of Appeals of the Town of Warwick (hereinafter the Board) with respect to a notice it received from the Town's building inspector indicating that certain activities taking place on its property required site plan approval. The application requested an interpretation of the Town's zoning ordinance and/or a variance.

After conducting public hearings, the Board issued a determination dated January 13, 1992, concluding that the activities being conducted on the subject property were legal accessory uses that did not require a variance or special use permit. The Board determined further that the request for an interpretation of the zoning ordinance constituted a Type II action which did not have a significant effect on the environment, and did not require further review under the New York State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA).

The petitioners, adjoining property owners, challenged the Board's determination on numerous grounds, alleging, *inter alia,* that there had been a failure to comply with SEQRA's mandates. In an order dated March 25, 1992, the Supreme Court (Carey, J.), concluded that SEQRA required the Board to take a "hard look" at the areas of environmental concern and provide a "reasoned elaboration" of its determination. The court remitted the matter to the Board for further administrative proceedings.

The Board thereafter conducted further proceedings and issued a second resolution dated May 18, 1992, reaffirming its earlier determination and setting forth in greater detail the reasons for its conclusion that further environmental review was not required under SEQRA.

The petitioners then commenced the instant proceeding, this time contending, *inter alia,* that there had been a failure to comply with the prior order dated March 25, 1992. The Supreme Court, concluding that the prior order dated March 25, 1992, was law of the case, agreed that the Board had failed to comply. Accordingly, the court vacated the determination and remitted the matter to the Board for further proceedings consistent with the order dated March 25, 1992, and imposed costs and sanctions pursuant to 22 NYCRR part 130. We now reverse.

We are not bound by law of the case and may reconsider the question of whether the Board complied with SEQRA's mandates *(see, Detko v McDonald's Rests.,* 198 AD2d 208, 209).

We conclude that the Board's interpretation of the Town zoning ordinance did not constitute an action under SEQRA regulations *(see,* 6 NYCRR 617.2 [b]), and did not require a "hard-look" environmental analysis *(see, Matter of Frampton v Zoning Bd. of Appeals,* 114 AD2d 670, 671; *see also, Matter of Baader v Town of Aurelius Zoning Bd. of Appeals,* 184 AD2d 1045, 1046; New York State Department of Environmental Conservation, the SEQR Handbook [Nov. 1992]). Under the circumstances, the court should have dismissed that branch of the petition which challenged the Board's determination on the ground that there was a failure to comply with SEQRA. We further find that the award of costs and sanctions was not warranted here.

Upon remittitur, the Supreme Court should make a determination with regard to the remaining claims raised in the petition. Rosenblatt, J. P., Ritter, Goldstein and Florio, JJ., concur.