■ DAVID J. BOLAND, Respondent, v INDAH KIAT FINANCE (IV) MAURITIUS LIMITED et al., Appellants. [748 NYS2d 744] —Appeals from a judgment and two orders, Supreme Court, New York County (Richard Lowe, III, J.), entered, respectively, February 27, 2002, February 25, 2002, and on or about March 19, 2002, which denied defendants' motion to dismiss the complaint, granted summary judgment in favor of plaintiff, entitled plaintiff to recover $110,000,000 from defendants, and set the amount of postjudgment interest, unanimously dismissed as academic, with one bill of costs payable by defendants-appellants.

This is an action to recover the accelerated balance on a $110 million note issued by defendant Indah Kiat Finance (IV) Mauritius Limited in favor of plaintiff's predecessor, Beloit Corporation, and guaranteed by defendants Asia Pulp & Paper Co. Ltd. and Indah Kiat Pulp & Paper Corp. TBK. The subject note was issued pursuant to an indenture entered into between defendants and the Bank of New York as indenture trustee. In a prior action between the same parties, we reversed the determination of the IAS court and granted summary judgment upon the note in favor of the plaintiff pursuant to CPLR 3213 (*see Boland v Indah Kiat Fin. [IV] Mauritius*, 291 AD2d 342). While the prior appeal was pending, plaintiff commenced the instant action by service of a complaint seeking payment of the $110 million due on the note plus interest. Defendants moved to dismiss the complaint on the ground that plaintiff lacked standing to bring the action and plaintiff cross-moved for summary judgment. Defendants' motion was denied and plaintiff's cross motion granted just days before this Court issued its order granting plaintiff summary judgment in the prior action. The present appeal by defendants from the orders and judgment concluding the second commenced action is rendered academic by our order on the prior appeal entitling plaintiff to judgment upon the note. That order, which is not before us on this appeal and was never the subject of a motion to reargue or renew, effectively precludes any grant of relief to defendants upon this appeal. In any event, we would find the single appellate argument defendants now make against enforcement of the obligation evidenced by the note, namely, that plaintiff was without standing to sue upon the note, unavailing. Lack of legal capacity, which is waivable (CPLR 3211 [a] [3]; [e]), is a purely formal and curable defect (7 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.17; *see also City of New York v State of New York*, 86 NY2d 286, 292), and plaintiff has, since the commencement of the action, complied with all the requisite conditions stated in the governing indenture for bringing suit. Concur—Andrias, J.P., Ellerin, Rubin, Friedman and Gonzalez, JJ.