■ St. David's Anglican Catholic Church, Inc., Appellant, v Town of Halfmoon, Respondent. [783 NYS2d 695]—

Crew III, J. Appeal from an order of the Supreme Court (Williams, J.), entered August 3, 2004 in Saratoga County, which, inter alia, dismissed the complaint.

Plaintiff is the owner of a church located in the Town of Halfmoon, Saratoga County. In April 2004, at defendant's request, Clough, Harbour & Associates LLP (hereinafter CHA) conducted a visual inspection of the church to observe the structural condition of the building and assess the relative safety thereof. By report dated April 2, 2004, CHA identified 68 deficiencies in the main building and an addition thereto and recommended, based upon the "potential unsafe conditions that exist[ed]," that if the church and addition were to be restored, the enumerated repairs set forth in the report be undertaken immediately and completed prior to the winter season. To that end, defendant's Town Board adopted a resolution on April 20, 2004 granting plaintiff's representatives 90 days to stabilize the structure. Absent such remedial efforts, defendant warned, the church would be demolished.

Plaintiff's representatives failed to complete the required repairs and, on or about July 13, 2004, plaintiff commenced this action seeking to permanently enjoin defendant from demolishing the church. Plaintiff also sought a preliminary injunction pendente lite. The parties appeared before Supreme Court for oral argument on July 23, 2004. In the interim, and in opposition to plaintiff's applications, defendant obtained and submitted an affidavit from one of CHA's professional engineers, wherein he opined that the church building was "dangerous and unsafe to the public" and should be "demolished and removed." In so recommending, CHA's engineer noted the potential for a "pancake" effect should the structure fail, whereby the collapse of the church could constitute a direct threat to the properties adjacent thereto. Defendant also submitted the affidavit of its code enforcement officer, who similarly averred that based upon his personal inspection of the property and his experience as a certified code enforcement officer and building inspector, the church was dangerous and unsafe to the general public and should be demolished. After entertaining argument from the parties, Supreme Court, inter alia, dismissed plaintiff's complaint and denied its request for injunctive relief. Plaintiff thereafter appealed and sought and obtained a stay from this Court pending such appeal.

We affirm. Plaintiff initially contends that the local law upon which defendant relied in ordering demolition of the church has no application here because such local law, as originally enacted, applied only to buildings, structures or portions thereof "used, now or formerly, for residential, business or industrial purpose" (Local Law No. 2 [1981] of Town of Halfmoon § 3 [1]). Plaintiff's argument on this point, however, overlooks the fact that defense counsel represented to Supreme Court at oral argument that Local Law No. 2 was amended in 1988 (and, it would appear, again in 1995 and 1998) to provide for its application to "any building or structure in the Town" and, further, that Supreme Court expressly acknowledged receipt of such amendment. Pursuant to CPLR 4511 (a), this Court "shall take judicial notice without request of . . . all local laws and county acts." Moreover, even accepting plaintiff's present assertion that such amendment does not in fact exist, we need note only that Local Law No. 2, as amended, was not the sole statutory or regulatory provision upon which defendant relied (*see* Town Law § 130 [16]; Executive Law § 381; 9 NYCRR former 1153.1). Accordingly, plaintiff's contention that defendant was without legal authority to order demolition of the church is without merit.

Nor are we persuaded that defendant lacked "proper evidence" to order demolition of the church. The crux of plaintiff's argument on this point is that because the April 2004 inspection report from CHA did not recommend immediate demolition of the church, defendant had no valid basis for ordering such demolition in the event that plaintiff failed to stabilize the building and remedy the structural deficiencies noted therein. Again, plaintiff's argument overlooks certain key facts—namely, that defendant was not bound by the recommendations contained in CHA's April 2004 report and, in any event, that such report, despite holding out the possibility that the building could be stabilized and restored, nonetheless documented a laundry list of serious structural deficiencies and unsafe conditions that posed significant hazards to, among others, neighboring property owners. That being the case, defendant could, and indeed did, validly conclude that the subject structure was unsafe and required demolition (*see Matter of Town of Duanesburg v Vojnar*, 147 AD2d 819, 820 [1989]). Moreover, to the extent that CHA's April 2004 report even remotely may be interpreted as expressing any doubt as to the structural integrity of the church, the affidavits subsequently submitted by defendant's code enforcement officer and one of CHA's professional engineers plainly established the need for demolition and, as such, Supreme Court's dismissal of plaintiff's complaint and the denial of plaintiff's request for injunctive relief was entirely proper.

Plaintiff's remaining contentions, to the extent not expressly addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.