In the Matter of DIANE JABLONSKI et al., Appellants, v WILLIAM STEINHAUS, Respondent. [851 NYS2d 634]—

In a proceeding pursuant to CPLR article 78 to compel the respondent William Steinhaus to add the petitioner Sharon Fleury to the County of Dutchess payroll as Deputy Comptroller of Dutchess County, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (Brands, J.), dated April 9, 2007, which denied the petition and dismissed the proceeding.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

The petitioner Diane Jablonski is the duly-elected Comptroller of Dutchess County. After a vacancy was created, she appointed the petitioner Sharon Fleury as her Deputy Comptroller

and requested that Fleury be added to the County of Dutchess (hereinafter County) payroll. However, the respondent William Steinhaus, the County Executive of Dutchess County (hereinafter the County Executive), refused, based on "vacancy factor requirements" in the budget. A vacancy factor requirement is a budgetary device which recognizes that personnel positions will become vacant throughout the year and which seeks to realize savings by not immediately filling such vacancies. The petitioners commenced this proceeding to compel the County Executive to add Fleury's name to the County payroll. The petitioners noted that it was the duty of the Comptroller to appoint a Deputy Comptroller, and that the position had been funded in the relevant budget adopted by the Legislature. They asserted that the County Executive's duty to place duly-appointed persons on the County payroll was mandatory and without discretion. Consequently, they argued, the County Executive's refusal to place Fleury on the County payroll was illegal and arbitrary, and constituted an indirect effort to influence the office of the Comptroller (which audited the office of the County Executive) and to usurp powers granted to the office of the Comptroller and the Legislature. The County Executive responded that vacancy factor requirements were applied without discrimination to all county positions, and that the office of the Comptroller was not exempt. Indeed, he asserted, his duties as chief financial officer of the County obligated him to apply the vacancy factor requirements.

In the judgment appealed from, the Supreme Court denied the petition and dismissed the proceeding. The petitioners appealed. However, during the pendency of the appeal, the County Executive added Fleury to the County payroll as Deputy Comptroller. Thus, this appeal has been rendered academic (*see Saratoga County Chamber of Commerce v Pataki,* 100 NY2d 801 [2003]; *Matter of Hearst Corp. v Clyne,* 50 NY2d 707 [1980]). The petitioners, citing *Matter of Slominski v Rutkowski* (91 AD2d 202 [1983], *mod* 62 NY2d 781 [1984]), do not dispute that Fleury has been added to the payroll, but argue that the merits should nonetheless be reached because there are substantial questions of public interest that are likely to recur. However, we do not find invocation of the exception to the mootness doctrine to be warranted (*see Matter of Hearst Corp. v Clyne,* 50 NY2d at 714).

The Court of Appeals has identified three common factors for invoking the exception to the mootness doctrine: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading

review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (*Matter of Hearst Corp. v Clyne,* 50 NY2d at 714-715 [footnotes and internal citations omitted]). Here, there is a likelihood of repetition, at least as to other persons, as it appears that vacancy factor requirements are a commonly-employed budgetary device which brings into conflict the power and authority of the County Executive as chief financial officer of the County, and that of the other departments and the Legislature. However, this proceeding does not appear to present a phenomenon that typically evades review (*see e.g. Matter of Caputo v Halpin,* 78 NY2d 117 [1991]). For example, there is no allegation or evidence that the County Executive has a history of denying payroll status to the appointments of either the Comptroller or any other department, only to grant the same when litigation is commenced or nears a resolution. Indeed, one of the petitioners' expressed concerns is that the County Executive could, in effect, leave the position of Deputy Comptroller or any other duly authorized position "perennially vacant." Finally, this proceeding does not present either significant or important questions not previously passed upon, or substantial and novel issues. Rather, the fundamental issues presented herein have been explored at length by the Court of Appeals in analogous circumstances (*see e.g. Matter of Caputo v Halpin,* 78 NY2d 117 [1991]). In sum, we decline to reach the merits of this proceeding under an exception to the mootness doctrine. Consequently, we dismiss the appeal as academic. Ritter, J.P., Florio, Miller and Dillon, JJ., concur.