■ SHELDON "SHELLY" MORGAN et al., Appellants, v TOWN OF ORANGETOWN et al., Respondents. [893 NYS2d 88]—

The appeal from so much of the order dated August 25, 2008 as denied that branch of the plaintiffs' cross motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue their motion pursuant to CPLR 901 and 902 for class action certification must be dismissed, as no appeal lies from the denial of leave to reargue (*see Consolidated Resources, LLC v 210-220-230 Owner's Corp.*, 59 AD3d 579, 580 [2009]).

The plaintiffs commenced this action to challenge two resolutions enacted by the Town Board of the Town of Orangetown (hereinafter the Town Board) dated December 13, 2004 and August 14, 2006, respectively, which resolved that members of the Town Board and all Town Justices of the Town of Orangetown were full-time public employees and were to be reported as such to the New York State and Local Employees' Retirement System (hereinafter the Retirement System), retroactive to January 1, 1995. The Supreme Court granted the defendants' motion to dismiss the complaint on the ground that the action was premature. We affirm, but on grounds different from those relied upon by the Supreme Court.

The first, third, fifth, and sixth causes of action challenge the resolutions dated December 13, 2004, and August 14, 2006, respectively, essentially on the ground that the defendants' conduct in granting themselves full-time employment status, retroactive to 1995, was improper, illegal, or unconstitutional. Subsequent to the commencement of this action, however, the challenged resolutions were revoked by a resolution of the Town Board dated August 13, 2007. Under the superseding resolution, the members of the Town Board are to receive 80% of full-time service credit with respect to their participation in the Retirement System, retroactive to September 1, 2004. The complaint does not contain any allegations as to how or why the currently-operative resolution is improper, illegal, or unconstitutional. As such, the first, third, fifth, and sixth causes of action should have been dismissed as academic (see CPLR 3211 [a]).

The second cause of action was properly dismissed for failure to state a cause of action since there is no support for the plaintiffs' contention that, as a matter of law, a standard work day for elected officials must, for purposes of reporting service information to the Office of the State Comptroller, be set by local law, rather than by resolution.

The fourth cause of action, which requested that the Supreme Court convert the action into a CPLR article 78 proceeding if deemed appropriate, does not state a cause of action but, rather, is in the nature of an application, which, in light of the foregoing, was properly dismissed as academic in any event.

Upon its dismissal of the complaint pursuant to CPLR 3211, the Supreme Court properly denied, as academic, those branches of the plaintiffs' cross motion which were for summary judgment on the first, second, and sixth causes of action. Skelos, J.P., Eng, Leventhal and Chambers, JJ., concur.