■ In the Matter of Lilly Pad, LLC, Appellant, v Zoning Board of Appeals of Village of East Hampton et al., Respondents. [990 NYS2d 868]—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of East Hampton dated May 2, 2011, which, after a hearing, granted the application of the respondents Sheri Kersch-Schultz, Residence Trust No. 1, and Howard D. Schultz, Residence Trust No. 1, to construct an addition to a residence on certain property, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Leis III, J.), dated May 21, 2012, which denied the petition and dismissed the proceeding.

Cross motion by the respondents Sheri Kersch-Schultz, Residence Trust No. 1, and Howard D. Schultz, Residence Trust No. 1, to dismiss the appeal on the grounds that it has been rendered academic or that it is barred by the doctrine of laches. By decision and order on motion of this Court dated June 17, 2013, the cross motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the cross motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the branch of the cross motion which is to dismiss the appeal on the ground that it has been rendered academic is granted; and it is further,

Ordered that the branch of the cross motion which is to dismiss the appeal on the ground that it is barred by the doctrine of laches is denied as academic; and it is further,

Ordered that the appeal is dismissed as academic, with one bill of costs to the respondents appearing separately and filing separate briefs.

The petitioner commenced this CPLR article 78 proceeding to review a determination of the Zoning Board of Appeals of the Village of East Hampton (hereinafter the ZBA), which granted the application of Sheri Kersch-Schultz, Residence Trust No. 1, and Howard D. Schultz, Residence Trust No. 1 (hereinafter together the Schultz respondents), to construct an addition to their residence without requiring certain setback variances. It is undisputed that during the pendency of this appeal, the construction permit issued to the Schultz respondents pursuant to the ZBA's determination expired. Subsequently, the Schultz respondents submitted a new application to the ZBA, which resulted in another hearing and a new determination, in which the ZBA again granted the Schultz respondents' application, but this time invoked an additional ground for not requiring certain setback variances.

Generally, an appeal "will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *see Matter of Richmond County Dist. Attorney v Staten Is. Univ. Hosp.*, 109 AD3d 620, 620 [2013]). Since the determination challenged in this proceeding was superseded by a subsequent determination by the ZBA, pursuant to which a new construction permit was issued, any determination by this Court will not affect the rights of the par-

ties, and the matter does not otherwise warrant invoking an exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d at 714; *see also Yuelys v Grigonis*, 112 AD2d 157 [1985]).

Accordingly, we grant that branch of the Schultz respondents' cross motion which was to dismiss the appeal on the ground that the appeal has been rendered academic, and do not address the merits of the petitioner's claims. Dillon, J.P., Hall, Miller and Hinds-Radix, JJ., concur.