■ In the Matter of TIMOTHY C. TRUSCOTT et al., Appellants, v CITY OF ALBANY BOARD OF ZONING APPEALS et al., Respondents. [55 NYS3d 919]—

Clark, J. Appeal from a judgment of the Supreme Court (Hartman, J.), entered March 3, 2016 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent City of Albany Board of Zoning Appeals denying petitioners' request for, among other things, an area variance.

Petitioners own real property in the City of Albany that includes a residence and a backyard storage shed. This shed deteriorated over time, and, in 2013, petitioner Timothy C. Truscott obtained a building permit to repair two of the shed's four walls. Due to an alleged miscommunication with his contractor, however, all four walls were torn down, and the structure was replaced in its entirety. As a result, respondent Department of Buildings and Regulatory Compliance of the City of Albany issued a stop work order, and Truscott's subsequent application for a new building permit was denied because the rebuilt shed failed to comply with the applicable setback requirements. Truscott unsuccessfully sought an area variance from respondent City of Albany Board of Zoning Appeals and then commenced this CPLR article 78 proceeding seeking review of the determination of the Board of Zoning Appeals. Supreme Court denied the petition, and petitioners now appeal.

After the appeal was perfected, the City adopted a new zon-

ing ordinance that eliminated the applicable setback require-
ments for petitioners' shed.* At both oral argument and in a
postargument submission, respondents contend that the enact-
ment of the new zoning ordinance has rendered this appeal
moot. Respondents are no longer seeking the demolishment or
removal of petitioners' shed. They concede that, under the new
ordinance, petitioners' shed is now a conforming structure and
that an area variance is no longer required (*see* Code of City of
Albany § 375-4 [A] [2] [a] [iv] [B]).

"[T]he power of a court to declare the law only arises out of,
and is limited to, determining the rights of persons which are
actually controverted in a particular case pending before the
tribunal" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713
[1980]; *accord Matter of Kagan v New York State Dept. of Corr.
& Community Supervision*, 117 AD3d 1215, 1216 [2014]). "In
general[,] an appeal will be considered moot unless the rights
of the parties will be directly affected by the determination of
the appeal and the interest of the parties is an immediate con-
sequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50
NY2d at 714; *see Matter of Ballard v New York Safety Track
LLC*, 126 AD3d 1073, 1075 [2015]; *Matter of Lilly Pad, LLC v
Zoning Bd. of Appeals of Vil. of E. Hampton*, 120 AD3d 686,
687 [2014]). If, as here, "a change in circumstances prevents a
court from rendering a decision that would effectively deter-
mine an actual controversy, [then] the claim must be dismissed"
(*Matter of Ballard v New York Safety Track LLC*, 126 AD3d at
1075 [internal quotation marks and citation omitted]; *see Mat-
ter of Hearst Corp. v Clyne*, 50 NY2d at 713-714; *Matter of
Czajka v Dellehunt*, 125 AD3d 1177, 1180 [2015]). Inasmuch as
petitioners' rights are no longer "actually controverted" and a
determination of their appeal would not affect the rights of the
parties, the appeal must be dismissed as moot (*Matter of Hearst
Corp. v Clyne*, 50 NY2d at 713; *see Cornell Univ. v Bagnardi*,
68 NY2d 583, 592 [1986]; *Matter of Spaziani v City of Oneonta*,
302 AD2d 846, 847 [2003]; *Matter of Freihofer v Lake George
Town Bd.*, 147 AD2d 865, 867-868 [1989]). Petitioners' conten-
tion that a live controversy remains because a related code
enforcement proceeding still remains pending against them is
unavailing. Simply put, that separate and distinct proceeding
is not before us on this appeal and does not affect our mootness
finding.

---

* Although the newly adopted zoning ordinance is not included in the rec-
ord on appeal, we take judicial notice of it (*see* CPLR 4511 [a]; *St. David's
Anglican Catholic Church, Inc. v Town of Halfmoon*, 11 AD3d 874, 876
[2004]).

McCarthy, J.P., Garry, Egan Jr. and Devine, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.