Matter of Sullivan Farms II, Inc. v Town of Mamakating Planning Bd. (2018 NY Slip Op 07023)





Matter of Sullivan Farms II, Inc. v Town of Mamakating Planning Bd.


2018 NY Slip Op 07023


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018

526085

[*1]In the Matter of SULLIVAN FARMS II, INC., Appellant,
v
TOWN OF MAMAKATING PLANNING BOARD et al., Respondents, et al., Respondent.

Calendar Date: September 5, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Whiteman Osterman & Hanna LLP, Albany (Robert S. Rosborough IV of counsel), for appellant.
Jacobowitz and Gubits, LLP, Walden (J. Benjamin Gailey of counsel), for Town of Mamakating Planning Board and others, respondents.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from that part of a judgment of the Supreme Court (Mott, J.), entered February 14, 2017 in Ulster County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Town of Mamakating Planning Board rescinding subdivision and site plan approval for a development.
This dispute arises out of petitioner's development of Chestnut Ridge, a 396-unit townhouse complex in the Village of Bloomingburg, Sullivan County. In 2010, the Planning Board for respondent Village of Bloomingburg granted petitioner subdivision and site plan approval for Chestnut Ridge, premised in part upon the Village Trustee's completion of a final environmental impact statement pursuant to the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]) and the related findings statement subsequently adopted by the Village Planning Board. According to the SEQRA findings statement, Chestnut Ridge was expected to increase the Village's population by 810 people — approximately two persons per unit — including 110 school-aged children. In June 2014, respondent Town of Mamakating and the Village entered into an intermunicipal agreement (hereinafter IMA) granting respondent Town of Mamakating Planning Board "the power, authority and responsibilities carried out by the Village . . . Planning Board, which include, but are not limited to, review and decision on applications for special use permits, site plans and subdivisions, preparation and/or review of comprehensive plans, review and comment on proposed zoning amendments, and any other powers, authority and responsibilities carried out by planning boards pursuant to the state Village Law and local law, and as those statutory and local law provisions may be amended" (see Village Law § 7-741). [*2]By its terms, this agreement could "be terminated by either party upon [60] days written notice to the other party."
In April 2016, as construction on Chestnut Ridge continued, documents about petitioner's development plans became public during the course of federal litigation. These documents indicated that petitioner intended to market Chestnut Ridge — which it referred to as phase one of a more expansive project — to families having, on average, eight children each. Based upon these documents, the Town Planning Board issued a notice stating that it intended to consider rescinding petitioner's 2010 subdivision and site plan approval. On July 13, 2016, the Village notified the Town that it had adopted a resolution terminating the IMA and requested that the Town Planning Board cease any decision-making regarding real property located in the Village. That same day, the Town Planning Board rescinded petitioner's 2010 subdivision and site plan approval for Chestnut Ridge, except with respect to any dwelling units that were "completely constructed or to the roadways and other infrastructure required to service those dwelling units."
Petitioner thereafter commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, among other things, an order annulling the Town Planning Board's rescission of petitioner's subdivision and site plan approvals, declaring that such approvals remained in effect and that petitioner had a constitutional vested right to complete Chestnut Ridge, and enjoining the Town from exercising authority over the development. Supreme Court, among other things, partially granted the petition/complaint by annulling that portion of the Town Planning Board's determination as prohibited the future issuance of building permits and certificates of occupancy in connection with Chestnut Ridge, and otherwise dismissed the petition/complaint. Petitioner now appeals, claiming that the Town Planning Board's rescission of the prior subdivision and site plan approvals was arbitrary, capricious and in excess of its authority and that it has a vested right to complete the project.
All parties acknowledge that the Village Planning Board has since granted an application by petitioner to reaffirm the subdivision and site plan approvals that had been rescinded by the Town Planning Board. It is well settled that "[t]he jurisdiction of this Court extends only to live controversies" (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810-811 [2003], cert denied 540 US 1017 [2003]) and, as such, an appeal will be considered "moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090 [2012]; see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]; Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). Where, as here, "a change in circumstances prevents a court from rendering a decision that would effectively determine an actual controversy, the claim must be dismissed" (Matter of Ballard v New York Safety Track LLC, 126 AD3d 1073, 1075 [2015] [internal quotation marks and citations omitted]; accord Matter of Truscott v City of Albany Bd. of Zoning Appeals, 152 AD3d 1038, 1039 [2017]; see Matter of Hearst Corp. v Clyne, 50 NY2d at 713-714; Matter of Czajka v Dellehunt, 125 AD3d 1177, 1180 [2015]). By all accounts, the Village Planning Board's subsequent determination reaffirming the subdivision and site plan approvals supplanted, superseded and effectively rescinded the determination of the Town Planning Board that is the subject of this appeal [FN1]. Inasmuch as petitioner's rights are no longer "actually controverted" and a determination of this appeal would not affect the rights of the parties, the appeal must be dismissed as moot (Matter of Hearst Corp. v Clyne, 50 NY2d at 713; see CPLR 5511; Matter of Truscott v City of Albany Bd. of Zoning Appeals, 152 AD3d at 1039; Matter of Ballard v New [*3]York Safety Track LLC, 126 AD3d at 1075; Matter of Brennan, 112 AD3d 1248, 1249 [2013]; Matter of NRG Energy, Inc. v Crotty, 18 AD3d 916, 918-919 [2005]).
McCarthy, J.P., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: The Town, among others, subsequently commenced a CPLR article 78 proceeding challenging the Village Planning Board's determination, and Supreme Court dismissed the petition on the merits. That separate and distinct proceeding is not before us on this appeal and, under the circumstances presented, does not impact our mootness determination (see Matter of Truscott v City of Albany Bd. of Zoning Appeals, 152 AD3d at 1039; Matter of Ernest V. v State of New York, 150 AD3d 1434, 1436 [2017]; compare Matter of City of Glens Falls v Town of Queensbury, 90 AD3d 1119, 1120 [2011]).