Berger v Prospect Park Residence, LLC (2018 NY Slip Op 08110)





Berger v Prospect Park Residence, LLC


2018 NY Slip Op 08110


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-09743
 (Index No. 6639/14)

[*1]Emily Berger, etc., et al., respondents, 
v
Prospect Park Residence, LLC, et al., defendants, New York State Department of Health, et al., appellants.


Clarick Gueron Reisbaum LLP, New York, NY (Emily Reisbaum, Nicole Gueron, and Melissa C. Holsinger of counsel), for appellants.
Fitzpatrick, Cella, Harper & Scinto, New York, NY (Frederick C. Millett and Andrew Kutas of counsel), for respondents.



DECISION & ORDER
In a hybrid action, inter alia, for declaratory and injunctive relief, and proceeding pursuant to CPLR article 78, the New York State Department of Health, Nirav R. Shah, M.D., MPH, as Commissioner of the New York State Department of Health, and Howard Zucker, M.D., as Commissioner of the New York State Department of Health, appeal from an order of the Supreme Court, Kings County (Wayne P. Saitta, J.), dated July 21, 2017. The order, insofar as appealed from, denied those branches of their motion which were to dismiss, as academic, the causes of action alleging violations of the Americans with Disabilities Act of 1990 (42 USC § 12101 et seq.) and the Rehabilitation Act of 1973 (29 USC § 701 et seq.) insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the New York State Department of Health, Nirav R. Shah, M.D., MPH, as Commissioner of the New York State Department of Health, and Howard Zucker, M.D., as Commissioner of the New York State Department of Health, which were to dismiss, as academic, the causes of action alleging violations of the Americans with Disabilities Act of 1990 (42 USC § 12101 et seq.) and the Rehabilitation Act of 1973 (29 USC § 701 et seq.) insofar as asserted against them are granted.
The plaintiffs/petitioners (hereinafter the plaintiffs) are elderly, disabled former residents of the Prospect Park Residence (hereinafter PPR), an adult care facility operated by the defendant Prospect Park Residence, LLC (hereinafter the LLC). In February 2014, the New York State Department of Health (hereinafter DOH) approved the LLC's plan to close the facility (hereinafter the First Closure Plan). However, a preliminary injunction was obtained that prevented the LLC from involuntarily transferring residents to another facility, constructively evicting them, or diminishing services.
The plaintiffs commenced this hybrid action, inter alia, for declaratory and injunctive relief, and proceeding pursuant to CPLR article 78, alleging violations of state and federal law in connection with the First Closure Plan. A second closure plan (hereinafter the Second Closure Plan) was thereafter approved by the DOH, and the plaintiffs commenced a second action challenging the Second Closure Plan. The plaintiffs subsequently settled their claims against the LLC, the plaintiffs [*2]remaining in the facility moved out, the facility was closed, the plaintiffs agreed not to challenge the Second Closure Plan, and the second action was discontinued.
The defendants/respondents New York State Department of Health, Nirav R. Shah, M.D., MPH, as Commissioner of the New York State Department of Health, and Howard Zucker, M.D., as Commissioner of the New York State Department of Health (hereinafter collectively the DOH defendants), then moved to dismiss the instant complaint/petition (hereinafter the complaint) insofar as asserted against them on the ground of mootness. In the order appealed from, the Supreme Court granted the motion in part, directing dismissal of the state law causes of action as moot, but it applied the exception to the mootness doctrine to the causes of action alleging violations of federal law, namely, the Americans with Disabilities Act of 1990 (42 USC § 12101 et seq.; hereinafter ADA) and the Rehabilitation Act of 1973 (29 USC § 701 et seq.; hereinafter the Rehabilitation Act). The DOH defendants appeal.
The plaintiffs' federal causes of action against the DOH defendants also should have been dismissed as academic. As the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case, courts generally may not pass on academic, hypothetical, moot, or otherwise abstract questions (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713; Funderburke v New York State Dept. of Civ. Serv., 49 AD3d 809, 810-811). Thus, courts ordinarily may not consider questions that have become moot by passage of time or change in circumstances (see Matter of Raven K. [Adam C.], 130 AD3d 622, 623). When a determination would have no practical effect on the parties, the matter is moot and the court generally has no jurisdiction to decide the matter (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810-811; People ex rel. Crow v Warden, Anna M. Kross Detention Ctr., 76 AD3d 646).
Here, the First Closure Plan was rendered a nullity by subsequent events. As a determination regarding the propriety of approving the First Closure Plan would have no effect on the plaintiffs' rights, the plaintiffs' causes of action regarding the DOH's alleged errors in approving the First Closure Plan were rendered academic (see Matter of Morrison v New York State Div. of Hous. & Community Renewal, 93 NY2d 834, 838; Matter of Lilly Pad, LLC v Zoning Board of Appeals of Vil. of E. Hampton, 120 AD3d 686, 687-688; Morgan v Town of Orangetown, 68 AD3d 1072, 1074; Asher v Gigante, 21 AD3d 916, 917; Heller v Trustees of the Town of E. Hampton, 198 AD2d 331, 332).
The exception to the mootness doctrine does not apply here. That exception permits a court to pass on moot issues when there exists: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (Matter of Hearst Corp. v Clyne, 50 NY2d at 714-715). If one or more of these elements is missing, the exception does not apply (see e.g. Wisholek v Douglas, 97 NY2d 740, 742; Matter of Gold-Greenberger v Human Resources Admin. of City of N.Y., 77 NY2d 973, 974-975; Matter of Jablonski v Steinhaus, 48 AD3d 465, 467).
Here, there is no likelihood of repetition because the issues are fact-specific (see Smalls v St. John's Episcopal Hosp., 152 AD3d 629, 630; Matter of Field v Stamile, 85 AD3d 1164, 1165). Furthermore, because the issues are fact-specific, they are not substantial and novel (see Matter of Lunar Pursuit, LLC v Frame, 149 AD3d 1398, 1399).
The plaintiffs contend that their federal law causes of action are not fact-specific, in that they challenge the validity of the regulations pursuant to which the DOH approves of any closure plan for an assisted living residence (see 10 NYCRR 1001.4[j]) or an adult-care facility (see 18 NYCRR 485.5[j]). The plaintiffs contend that the regulations themselves violate the mandate in the ADA and Rehabilitation Act that services be administered in the most integrated setting appropriate to the needs of the resident (see 42 USC § 12182[b][1][B]; 29 USC § 794[a]; 28 CFR 35.130[d]; 41.51[d]). However, this facial challenge to the DOH's closure regulations is time-barred (see CPLR 213, 217).
The issues presented here also do not typically evade review (see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d 727, 730; Matter of NRG Energy, Inc. v Crotty, 18 AD3d 916, 920). An injunction maintaining the status quo was an effective procedure here and would be in a future case raising similar issues. The issues here only became moot when the plaintiffs voluntarily opted to settle their claims against the LLC (see Heller v Trustees of Town of E. Hampton, 198 AD2d at 332; Matter of Starmer v Whitney Point Cent. School Dist., 96 AD2d 640, 641; cf. Matter of Jablonski v Steinhaus, 48 AD3d at 467).
As the exception to the mootness doctrine does not apply, the Supreme Court should have granted those branches of the DOH defendants' motion which were to dismiss, as academic, the federal law causes of action insofar as asserted against them.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court