Matter of Persaud v City of Schenectady (2018 NY Slip Op 08398)





Matter of Persaud v City of Schenectady


2018 NY Slip Op 08398


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

526375

[*1]In the Matter of ROY PERSAUD, Individually and as President of AA & A DELI MART, INC., Respondent,
v
CITY OF SCHENECTADY, Appellant.

Calendar Date: October 15, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.


Lemire Johnson & Higgins, LLC, Clifton Park (April J. Laws of counsel), for appellant.
Philip C. Miller, Albany, for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the Supreme Court (Kramer, J.), entered May 25, 2017 in Schenectady County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's application for a certificate of use.
Petitioner owns a convenience store in the City of Schenectady, Schenectady County. To operate the store, petitioner must obtain a certificate of use from respondent's Bureau of Code Enforcement (see City of Schenectady Code §§ 183-4, 183-5). Petitioner applied for a certificate of use but, in February 2017, respondent denied the application. Petitioner thereafter commenced this CPLR article 78 proceeding. Supreme Court found that respondent's denial was arbitrary and capricious and directed respondent to proceed with a final inspection of the convenience store in order for it to determine whether a certificate of use should be issued to petitioner. Respondent appeals.
Petitioner has advised this Court that during the pendency of this appeal, respondent conducted the final inspection and issued the requested certificate of use. In view of the foregoing, the instant appeal has been rendered moot (see Matter of Truscott v City of Albany Bd. of Zoning Appeals, 152 AD3d 1038, 1039 [2017]; Matter of Feltz v State of New York, 108 AD3d 950, 951 [2017]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). Respondent contends that the appeal is not moot because petitioner also requested money damages and alleged a deprivation of constitutional rights in the petition. This contention, however, is without merit. Although Supreme Court did not discuss these aspects, the court's failure to do so amounts to a denial thereof (see Dickson v Slezak, 73 AD3d 1249, 1251 [2010]), and we note that petitioner did not appeal from the judgment.
McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.
ORDERED that the appeal is dismissed, as moot, with costs.