Matter of Davis v Town Bd. of Town of Villenova (2021 NY Slip Op 07378)





Matter of Davis v Town Bd. of Town of Villenova


2021 NY Slip Op 07378


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


889 CA 21-00092

[*1]IN THE MATTER OF THE APPLICATION OF EVAN DAVIS, SAMANTHA DAVIS, BETTY EBLING, MARILYN CROWELL, LINDA HALL, HENRY CROWELL-GIANATASIO, KAYME CROWELL-GIANATASIO, J. DUDLEY ROBINSON, DIANA ERMER, MARTIN HUBER, NANCY HUBER, SUSAN BALDWIN, JULIE DELCAMP, ROBIN DELCAMP, ANGELO GRAZIANO, TINA GRAZIANO, RICHARD IVORY, THOMAS IVORY, MICHAEL MCGRAW, KATHRYN MCGRAW, ROBERT MCGRAW AND JOSEPH IVORY, PETITIONERS-APPELLANTS,
v
TOWN BOARD OF TOWN OF VILLENOVA, BALL HILL WIND ENERGY, LLC, AND RENEWABLE ENERGY SYSTEMS AMERICAS, RESPONDENTS-RESPONDENTS. 






LIPPES & LIPPES, BUFFALO (RICHARD J. LIPPES OF COUNSEL), FOR PETITIONERS-APPELLANTS. 
THE KNOER GROUP, PLLC, BUFFALO (COLIN M. KNOER OF COUNSEL), FOR RESPONDENT-RESPONDENT TOWN BOARD OF TOWN OF VILLENOVA.
HODGSON RUSS LLP, BUFFALO (CHARLES W. MALCOMB OF COUNSEL), FOR RESPONDENT-RESPONDENT BALL HILL WIND ENERGY, LLC.
NIXON PEABODY LLP, BUFFALO (LAURIE STYKA BLOOM OF COUNSEL), FOR RESPONDENT-RESPONDENT RENEWABLE ENERGY SYSTEMS AMERICAS.


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Chautauqua County (Lynn W. Keane, J.), entered June 30, 2020 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Petitioners commenced this CPLR article 78 proceeding (2019 proceeding) seeking, inter alia, to void an approval made by respondent Town Board of Town of Villenova (Town Board) of local laws and the grant of a special use permit to respondent Ball Hill Wind Energy, LLC (Ball Hill) to construct wind turbines up to 599 feet in height in the Town of Villenova. Most of the same petitioners had commenced an identical proceeding in 2018 (2018 proceeding) seeking the same relief. In the 2018 proceeding, Supreme Court, inter alia, granted the petitioners' first cause of action regarding an alleged violation of the State Environmental Quality Review Act. The respondents appealed from that judgment, and we reversed the judgment insofar as appealed from and denied the petition in its entirety (Matter of McGraw v Town Bd. of Town of Villenova, 186 AD3d 1014 [4th Dept 2020]). Before our decision was released, however, the Town Board took steps to comply with the court's judgment in the 2018 proceeding, including approving a supplemental final draft environmental impact statement, issuing a special use permit, and adopting relevant local laws. Petitioners commenced the 2019 proceeding, and the court denied and dismissed the petition.
We dismiss the appeal as moot. It is well settled that "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the [*2]interest of the parties is an immediate consequence of the judgment" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). Stated another way, "an appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090 [2012]; see City of New York v Maul, 14 NY3d 499, 507 [2010]).
Here, petitioners are challenging the issuance of the special use permit and the adoption of the 2019 local laws that allowed the increase in height of the turbines from 495 feet to 599 feet. The Town Board's resolution granting Ball Hill's special use permit included language that, if the Town Board prevailed on its appeal in the 2018 proceeding before this Court, the resolution would be deemed rescinded and the Town Board's 2018 determinations with respect to the project would remain in full force and effect. The identical special use permit issued in 2018 thus remains and is not challenged on this appeal. In addition, although the 2019 local laws may be challenged by petitioners on this appeal, even assuming, arguendo, that we annulled those 2019 local laws, we conclude that the identical 2018 local laws remain valid and in effect, and thus annulling the 2019 local laws will not affect the rights of the parties. The appeal is thus moot (see Boland v Indah Kiat Fin. [IV] Mauritius, 298 AD2d 288, 289 [1st Dept 2002]; Matter of Freihofer v Lake George Town Bd., 147 AD2d 865, 866-868 [3d Dept 1989]; see also Matter of El-Roh Realty Corp., 55 AD3d 1431, 1433 [4th Dept 2008]). We further conclude that the exception to the mootness doctrine does not apply here (see Hearst Corp., 50 NY2d at 714-715).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court