■ THERESA REED, Appellant, v COMMERCIAL UNION INSURANCE COMPANY, Respondent, et al., Defendants. — Order and judgment unanimously reversed, without costs, and motion denied. Memorandum: Plaintiff obtained an insurance policy from defendant Commercial Union Insurance Company to cover an apartment building she owned against physical damage and lost rents caused by fire. The building suffered fire damage on November 28, 1978 and six days later defendant disclaimed liability on the ground that the policy had been canceled as of October 29, 1978. Plaintiff brought suit against defendant for breach of contract and subsequently was granted summary judgment. An EBT was then held on the issue of damages at which plaintiff's husband testified to his and his wife's joint income for the years 1976-1978. After defendant discovered substantial discrepancies between plaintiff's husband's testimony and Internal Revenue Service records, defendant moved to amend its answer to assert the affirmative defense that plaintiff had breached the standard fraud and false swearing clause contained in the policy (Insurance Law, § 168, subd 5), to vacate the previous order granting plaintiff summary judgment, and for summary judgment in its favor based upon plaintiff's alleged breach of the fraud and false swearing clause. Plaintiff appeals from Special Term's order which granted defendant's motion. Special Term erred in granting defendant summary judgment based upon the fraud and false swearing clause of the insurance policy. Once an insurer disclaims liability, an insured is excused from fulfilling any of the obligations under the policy (see, e.g., *Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.*, 53 NY2d 835; *Sherri v National Sur. Co.*, 243 NY 266, 273; *Ocean-Clear, Inc. v Continental Cas. Co.*, 94 AD2d 717; *Beckley v Otsego County Farmers Coop. Fire Ins. Co.*, 3 AD2d 190, mot dsmd 2 NY2d 990). After such disclaimer the insurer "must then stand or fall upon the defense upon which it based its refusal to pay" and

"may not thereafter attempt to create other grounds for [its] refusal to pay" (*Beckley v Otsego County Farmers Coop. Fire Ins. Co., supra*, p 194). Defendant may not rely upon plaintiff's husband's testimony at the EBT, held subsequent to its disclaimer, as a basis for its claim that the insurance policy was void at the time of the fire. (Appeal from order and judgment of Supreme Court, Onondaga County, Tenney, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.