■ GERALDINE BENZING, Appellant, v EDWARD J. BENZING, Respondent. (Appeal No. 2.) — Order unanimously reversed, without costs, motion granted and matter remitted to Erie County Family Court to fix reasonable attorney's fees. Memorandum: Family Court abused its discretion in declining to award petitioner counsel fees in responding to an appeal of an order fixing respondent husband's child support payment. Considering the resources and expenses of the respective parties, and the merit of petitioner's claim, an award of counsel fees was appropriate in the circumstances (Family Ct Act, § 438). (Appeal from order of Erie County Family Court, Mazur, J. — counsel fees.) Present — Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.

■ THERESA REED, Appellant, v COMMERCIAL UNION INSURANCE COMPANY et al., Defendants, and LANGAN-SWETE Co., INC., Respondent. — Order unanimously reversed, without costs, and motion denied. Memorandum: Special Term, relying on a prior decision granting summary judgment to an insurance company, held that plaintiff's causes of action against defendant insurance broker were moot and, consequently, granted defendant's motion for summary judgment dismissing plaintiff's complaint. Since we subsequently reversed the dismissal against the insurance company (*Reed v Commercial Union Ins. Co.,* 97 AD2d 949), the basis upon which Special Term relied in dismissing plaintiff's causes of action against defendant broker no longer exists and, hence, its order must be reversed. (Appeal from order of Supreme Court, Onondaga County, Tenney, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, O'Donnell and Moule, JJ.

■ GENEVIEVE SCACCHETTI, Formerly Known as GENEVIEVE LONOBILE, Respondent-Appellant, v CARL LONOBILE, Appellant-Respondent. — Motion for clarification granted and first sentence of the memorandum decision of this court dated November 4, 1983 (97 AD2d 966) amended to read as follows: "The Trial Term properly determined that plaintiff was entitled to one half of the fair and reasonable rentals, but such determination should be modified to begin on July 22, 1974, the date of the effective ouster (see *Miraldi v Miraldi,* 51 AD2d 538; *Daigle v Daigle,* 73 AD2d 771) and to end on the date of the commencement of the action" and the first sentence of the remittitur order of this court entered November 4, 1983, is amended by adding after the words "the date of the effective ouster" the words "and is to end on the date of commencement of the action." Present — Dillon, P. J., Callahan, Green, O'Donnell and Schnepp, JJ.