■ In the Matter of the Estate of Rocco F. Zupa, Deceased. Eleanor Zupa, Respondent; Lucille Christopher, Appellant. [850 NYS2d 311]—

Appeal from an order of the Surrogate's Court, Erie County (Barbara Howe, S.), entered December 29, 2006. The order determined that decedent's annuities were testamentary substitutes to be taken into account in calculating petitioner's elective share.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: By her application pursuant to SCPA 1421, petitioner sought a decree determining the validity and value of her right of election against her husband's estate. Contrary to respondent's contention, Surrogate's Court properly determined that the annuities owned by decedent at the time of his death were testamentary substitutes to be taken into account in calculating petitioner's elective share. Respondent's reliance on *Matter of Boyd* (161 Misc 2d 191 [1994]) is misplaced. The Surrogate in *Boyd* concluded that, although the life insurance contracts at issue could fall within the definition of testamentary substitutes under EPTL 5-1.1-A (b) (1) (F), the legislative history indicated that life insurance was not to be considered a testamentary substitute (*id.* at 195-196). It is clear, however, that "the great weight of authority supports the position that annuities are not insurance" (*Matter of New York State Assn. of Life Underwriters v New York State Banking Dept.*, 83 NY2d 353, 363 [1994], *affg* 190 AD2d 338 [1993]). Annuities are defined in the Insurance Law as "all agreements to make periodical payments for a period certain or where the making or continuance of all or some of a series of such payments, or the amount of any such payment, depends upon the continuance of human life" (§ 1113 [a] [2]), and Black's Law Dictionary defines annuities as, inter alia, "obligation[s] to pay a stated sum, [usually] monthly or annually, to a stated recipient" (Black's Law Dictionary 99 [8th ed 2004]). "The definitions involving insurance clearly contemplate payment as the result of a loss, i.e., loss of life, loss of property, loss of health. No such contemplation exists with annuities. Rather, annuities contemplate long-term streams of income to annuitants during their lifetimes based upon an initial lump-sum payment" (*New York State Assn. of Life Underwriters*, 190 AD2d at 343). We thus conclude that respondent mistakenly relies on legislative history with respect to life insurance to establish that the Legislature did not intend that annuities be included within the definition of testamentary substitutes. Present—Scudder, P.J., Centra, Fahey, Green and Pine, JJ.