■ In the Matter of Joseph Schmeid, Deceased. Juanita Kho, Also Known as Juanita Kho Schmeid, Appellant; Alfred Cacici et al., Respondents, et al., Respondents. [930 NYS2d 666]—

The decedent, Joseph Schmeid, died at the age of 97 on April 5, 2005, leaving a last will and testament dated July 29, 2003 (hereinafter the 2003 Will). The 2003 Will bequeathed his entire estate to his former nurse, the petitioner, Juanita Kho, also known as Juanita Kho Schmeid, who was 43 years his junior, whom he married on March 28, 2003. The petitioner was also a beneficiary in the two wills which the decedent executed on July 12, 2000, and December 19, 2000 (hereinafter the December 2000 Will), respectively, the most recent of which left 65% of the decedent's residuary estate to the petitioner. In the decree appealed from, the Surrogate's Court, among other things, admitted the 2003 Will to probate.

Prior to the decedent's death, nonparties to this proceeding commenced a Mental Hygiene Law article 81 proceeding in the Supreme Court for the appointment of a guardian for the decedent's person and property. In a judgment dated November 25, 2005 (hereinafter the judgment), the Supreme Court granted the petition, upon its determination that, inter alia, the decedent was incapacitated as of February 1, 2001, appointed coguardians for the decedent's person and property, and directed

the annulment of the decedent's March 28, 2003 marriage to the petitioner. On separate appeals from the judgment by the petitioner and by Joseph Rapuano, as the executor of the decedent's estate, this Court, inter alia, affirmed the Supreme Court's determination that the decedent was incapacitated as of February 1, 2001, and the annulment of the parties' marriage (*see Matter of Joseph S.*, 25 AD3d 804 [2006]).

EPTL 5-1.4 provides: "§ 5-1.4. Revocatory effect of divorce, annulment or declaration of nullity, or dissolution of marriage on disposition, appointment, provision, or nomination regarding a former spouse

"(a) *Except as provided by the express terms of a governing instrument, a divorce . . . or annulment of a marriage revokes any revocable (1) disposition or appointment of property made by a divorced individual to, or for the benefit of, the former spouse, including, but not limited to, a disposition or appointment by will,* . . . in a pension or retirement benefits plan, or by revocable trust, including a bank account in trust form, (2) provision conferring a power of appointment or power of disposition on the former spouse, and (3) *nomination of the former spouse to serve in any fiduciary or representative capacity, including as a personal representative, executor,* trustee, . . . or attorney-in-fact.

"(b) (1) Provisions of a governing instrument are given effect as if the former spouse had predeceased the divorced individual as of the time of the revocation" (emphasis added).

EPTL 5-1.4 was enacted to prevent a testator's inadvertent disposition to a former spouse where the parties' marriage terminated by annulment or divorce and the former spouse is a beneficiary in a testamentary instrument which the testator neglects to revoke (*see* Turano, 1999 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 5-1.4, 2011 Pocket Part, at 51-52; *Matter of Knospe*, 165 Misc 2d 45 [1995]). The statute creates a conclusive and unrebuttable presumption that any provisions in a will for the benefit of a former spouse are revoked by divorce or annulment (*see Matter of Knopse*, 165 Misc 2d at 50; Turano, 1999 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 5-1.4, 2011 Pocket Part, at 51-52).

As the petitioner's marriage to the decedent was annulled, absent an express provision in the propounded will to the contrary (*see* EPTL 5-1.4 [a]), the bequest to the petitioner and her nomination as executor under the 2003 Will were properly deemed to be revoked (*id.*). Accordingly, the Surrogate's Court properly denied that branch of the petitioner's motion which

was for permission to file objections to the 2003 Will since the petitioner did not have an interest in the decedent's estate (*see* SCPA 1410). Skelos, J.P., Eng, Austin and Miller, JJ., concur.