*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 5, 2015                518627
_____

In the Matter of KITTY L.
    BALLARD et al.,
                    Respondents,

            v                            MEMORANDUM AND ORDER

NEW YORK SAFETY TRACK LLC
    et al.,
                    Appellants.
_____

Calendar Date:  January 7, 2015

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

                    _____


        Sahn Ward Coschignano & Baker, PLLC, Uniondale (Jon A. Ward
of counsel), for New York Safety Track, LLC and another,
appellants.

        Young Sommer LLC, Albany (Allyson M. Phillips of counsel),
for Town of Harpersfield Planning Board and others, appellants.

        Law Office of Douglas H. Zamelis, Cooperstown (Douglas H.
Zamelis of counsel), for respondents.

                    _____


Devine, J.

        Appeals (1) from an order of the Supreme Court (Burns, J.),
entered September 17, 2013 in Delaware County, which, in a
combined proceeding pursuant to CPLR article 78 and action for
declaratory judgment, partially denied respondents' motions to
dismiss the petition, and (2) from a judgment of said court,
entered January 17, 2014 in Delaware County, which partially
granted petitioners' application, in a combined proceeding
pursuant to CPLR article 78 and action for declaratory judgment,

to, among other things, annul a 2013 agreement between certain respondents.

In 2011, respondent New York Safety Track LLC (hereinafter Safety Track) made an application for site plan approval to respondent Town of Harpersfield Planning Board to convert a former airport property to a motorcycle safety training facility.[1]  Minutes from a Planning Board meeting indicate that it had conditionally approved the proposed site plan application and the facility was completed thereafter.

In January 2013, after receiving numerous complaints from neighboring landowners that the facility was hosting large, high-speed racing events, respondent Town of Harpersfield Code Enforcement Officer (hereinafter CEO) advised Safety Track that its advertised racing and large track events were not authorized uses pursuant to the site plan that had been approved by the Planning Board.  The CEO's letter explained that the scope of permissible land use was defined by Safety Track's site plan application materials, which indicated, among other things, that the facility "would be used for safety courses and training" sessions that were limited to no more than 20 participants at any given time.  A few weeks later, the CEO, the Planning Board, respondent Town of Harpersfield and Safety Track executed an "Agreement for Operation of New York Safety Track" (hereinafter the 2013 agreement) and an events calendar for the 2013 facility's season, which purported to outline Safety Track's approved land uses for May 1, 2013 to December 31, 2013.

Petitioners, a group of concerned landowners within the vicinity of the facility, commenced this hybrid CPLR article 78 proceeding and action seeking, among other things, the annulment of the 2013 agreement and a judicial declaration that Safety Track must limit its uses to those particularly described in its

---

[1]  Respondent Town of Harpersfield does not have a zoning code, but has enacted a Site Plan Review Law (see Local Law No. 1 [2006] of the Town of Harpersfield), which requires landowners to submit site plans for proposed land uses for approval by the Planning Board.

2011 site plan application.  Thereafter, the Planning Board, CEO, respondent Town of Harpersfield Town Board and respondent Town of Harpersfield Town Clerk (hereinafter collectively referred to as the Town respondents) moved to, among other things, dismiss the petition/complaint.  In a September 2013 order, Supreme Court partially denied the Town respondents' motion to dismiss, but granted the motion solely to the extent that it sought the dismissal of the fourth cause of action, which alleged a violation of General Municipal Law § 239-m.  Thereafter, Safety Track and respondent Mountain Top Airfield LLC and the Town respondents served their respective answers.  Supreme Court later issued a judgment determining that petitioners' challenge to the then-expired 2013 agreement was not moot, annulled it and made declarations regarding the scope of Safety Track's permissible land uses.  The court also found that the Town had committed various violations of the Public Officers Law and awarded petitioners costs and counsel fees.  The Town respondents appeal from both the 2013 order[2] and the 2014 judgment, and Safety Track and Mountain Top appeal from the 2014 judgment.

The Town respondents argue that Supreme Court erred in finding that petitioners' causes of action challenging the propriety of the 2013 agreement had satisfied the exception to the mootness doctrine, and we agree.  "It is well settled that a court's jurisdiction extends only to live controversies" (Matter of NRG Energy, Inc. v Crotty, 18 AD3d 916, 918 [2005]), and a matter becomes moot "unless the rights of the parties will be directly affected by the determination of the [claim] and the interest of the parties is an immediate consequence of the

_____

[2]  "No appeal as of right lies from a nonfinal order in a CPLR article 78 proceeding" (Matter of Pettersen v Town of Fort Ann, 72 AD3d 1322, 1323 [2010] [citation omitted]; see CPLR 5701 [b] [1]).  Furthermore, although "no similar bar exists as to a nonfinal order issued in the context of a declaratory judgment action, the right to appeal [such] order terminates upon the entry of a final judgment" (Matter of 1801 Sixth Ave., LLC v Empire Zone Designation Bd., 95 AD3d 1493, 1495 [2012] [internal quotation marks and citation omitted], lv dismissed 20 NY3d 966 [2012]).  As such, the appeal from the order must be dismissed.

judgment" (<u>Matter of Hearst Corp. v Clyne</u>, 50 NY2d 707, 714 [1980]).  Where, as here, the passage of time or "a change in circumstances prevents a court from rendering a decision that would effectively determine an actual controversy," the claim must be dismissed (<u>Matter of Kowalczyk v Town of Amsterdam Zoning Bd. of Appeals</u>, 95 AD3d 1475, 1477 [2012] [internal quotation marks and citation omitted]).  The 2013 agreement, by its own terms, pertained solely to Safety Track's land uses and events that occurred during the 2013 track season and expired at the end of that year, thereby rendering the challenges to the 2013 agreement moot (<u>see e.g.</u> <u>Matter of Horton</u>, 255 AD2d 642, 643 [1998]).  Further, we do not agree with Supreme Court's finding that the exception to the mootness doctrine was satisfied (<u>see Matter of Cobleskill Stone Prods., Inc. v Town of Schoharie</u>, 112 AD3d 1024, 1025 [2013]), and therefore reverse the court's judgment in that regard.

Next, respondents assert that Supreme Court's summary determination of the merits of petitioners' fifth cause of action for a declaratory judgment was erroneous in the absence of a formal motion following the parties' completion of necessary discovery.  "In a hybrid proceeding and action, separate procedural rules apply to those causes of action which are asserted pursuant to CPLR article 78, on the one hand, and those which seek declaratory relief, on the other hand" (<u>Matter of Lake St. Granite Quarry, Inc. v Town/Village of Harrison</u>, 106 AD3d 918, 920 [2013]; <u>see Matter of 24 Franklin Ave. R.E. Corp. v Heaship</u>, 74 AD3d 980, 980 [2010]).  In the absence of a formalized motion requesting the "summary determination of the causes of action which seek . . . declaratory relief, it is error for [a court] to summarily dispose of those causes of action" (<u>Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv.</u>, 94 AD3d 1006, 1008 [2012]; <u>see Matter of Alltow, Inc. v Village of Wappingers Falls</u>, 94 AD3d 879, 882 [2012]).

It is undisputed that there was no pending motion for summary disposition of the declaratory judgment action when Supreme Court rendered its 2014 judgment.  Nor did the court provide notice to the parties that it was considering the summary disposition of the declaratory judgment action, such that the

parties would be afforded an opportunity to further develop the evidentiary record and offer competent proof supportive of their respective positions (see Matter of G&C Transp., Inc. v McGrane, 72 AD3d 819, 821 [2010]; During v City of New Rochelle, N.Y., 55 AD3d 533, 534 [2008]; see also Wells Fargo Bank Minn., N.A. v Garrasi, 80 AD3d 1061, 1062-1063 [2011]). Supreme Court acknowledged that a myriad issues of fact existed in this matter, thereby rendering summary determination of petitioners' action for declaratory relief — in the absence of a formal application for such disposition — improper. Accordingly, we reverse that part of the court's judgment and remit the matter to Supreme Court to conduct further proceedings relating to such cause of action (see Matter of Town of Woodbury v County of Orange, 114 AD3d 951, 954 [2014], lv denied 24 NY3d 903 [2014].

Finally, we take no issue with Supreme Court's determination that the Town committed violations of the Open Meetings Law on several occasions leading up to the execution of the 2013 agreement with Safety Track and its subsequent award of reasonable counsel fees and costs to petitioners. Generally, "[e]very meeting of a public body shall be open to the general public, except that an executive session of such body may be called and business transacted thereat in accordance with [Public Officers Law § 105]" (Public Officers Law § 103 [a]). While a governing body may enter into an executive session, it may do so only for certain purposes, including, as is relevant here, the consideration of an appointment or to engage in private discussions relating to proposed or pending litigation (see Public Officers Law § 105 [1] [f]; Matter of Jefferson Val. Mall [Concerned Citizens to Review] v Town Bd. of Town of Yorktown, 83 AD2d 612, 613 [1981], lv denied 55 NY2d 604 [1981]). However, the body must "identify the subject matter to be discussed . . . with some degree of particularity" (Matter of Gordon v Village of Monticello, 207 AD2d 55, 58 [1994], mod 87 NY2d 124 [1995]).

During the first of the three allegedly improper executive sessions, which occurred in January 2013, the Planning Board failed to announce any reason for going into the half-hour executive session. While the Town respondents now explain that the purpose of the session was to discuss the appointment of a new Planning Board member, such omission was a clear violation of

the Open Meetings Law (see generally Public Officers Law art 7). Further, transcripts from the subsequent two Planning Board meetings indicate that executive sessions were undertaken, at the suggestion of the Planning Board's counsel, to discuss potential enforcement actions against Safety Track by the CEO and, finally, the provisions of a draft version of the 2013 agreement. While the Town respondents assert that any discussion of the 2013 agreement was protected by the attorney-client privilege, the Planning Board's inclusion of additional persons into the session necessarily eliminated any reasonable expectation of confidentiality, effectively waiving any privilege attendant to such conversations (see Matter of Morgan v New York State Dept. of Envtl. Conservation, 9 AD3d 586, 588 [2004]). As the Town failed to demonstrate that it comported with the relevant statutory provisions when conducting the instant executive sessions, such sessions were violative of the Public Officers Law (see Matter of Goodson Todman Enters. v City of Kingston Common Council, 153 AD2d 103, 106 [1990]).

Furthermore, despite the Town respondents' insistence that the Town was not obliged or that it was not feasible to make available to petitioners the proposed 2013 agreement before it was put to a vote, we affirm that part of Supreme Court's judgment as found that the Town's conduct in that regard denied petitioners "any meaningful participation" in the process leading to the final adoption of the controversial 2013 agreement, in clear contravention of Public Officers Law § 103 (e).

Finally, the Town Clerk's failure to make the minutes from a March 2013 Planning Board meeting available within "two weeks from the date" of such meeting was an express violation of Public Officers Law § 106 (3). In light of these obvious violations of the Open Meetings Law, Supreme Court reasonably exercised its discretion in awarding counsel fees and costs to petitioners (see Matter of Gordon v Monticello, 87 NY2d 124, 128 [1995]; compare Matter of New York Civ. Liberties Union v City of Saratoga Springs, 87 AD3d 336, 339 [2011]).

Any remaining arguments not expressly discussed herein have been found to be unavailing.

Lahtinen, J.P., Garry and Rose, JJ., concur.



        ORDERED that the appeal from the order entered September 17, 2013 is dismissed, without costs.

        ORDERED that the judgment entered January 17, 2014 is modified, on the law, without costs, by reversing so much thereof as annulled the 2013 agreement between certain respondents and as summarily determined that part of the petition/complaint as sought declaratory relief; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decisions; and, as so modified, affirmed.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court