*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 17, 2015                520501
_____

In the Matter of KITTY L.
    BALLARD et al.,
                    Petitioners,

        v                                    MEMORANDUM AND ORDER

NEW YORK SAFETY TRACK LLC
    et al.,
                    Appellants.
_____

Calendar Date:  October 16, 2015

Before:  McCarthy, J.P., Rose, Lynch and Devine, JJ.

                        _____


        Whiteman Osterman & Hanna, LLP, Albany (John J. Henry of
counsel), for New York Safety Track LLC and another, appellants.

        Young/Sommer LLC, Albany (Allyson M. Phillips of counsel),
for Town of Harpersfield Code Enforcement Officer, appellant.

                        _____


Devine, J.

        Appeal from a judgment of the Supreme Court (Burns, J.),
entered November 3, 2014 in Delaware County, which, among other
things, partially granted petitioners' application, in a
proceeding pursuant to CPLR article 78, to, among other things,
annul a determination of respondent Town of Harpersfield Code
Enforcement Officer regarding the use of certain property by
respondent New York Safety Track LLC.

        The facts underlying this case are more fully set forth in
our decision in a related matter, Matter of Ballard v New York
Safety Track LLC (126 AD3d 1073 [2015]).  Briefly, the Town of
Harpersfield Planning Board granted site plan approval for

respondent New York Safety Track LLC (hereinafter Safety Track) to operate a motorcycle safety training facility at a converted former airport. In January 2013, Safety Track was advised by respondent Town of Harpersfield Code Enforcement Officer (hereinafter CEO) that the races and other large events occurring at the track were not authorized uses pursuant to the site plan. An agreement was thereafter executed between Safety Track and the Planning Board, among others, that "purported to outline Safety Track's approved land uses for May 1, 2013 to December 31, 2013" (Matter of Ballard v New York Safety Track LLC, 126 AD3d at 1074). The agreement was challenged in a combined CPLR article 78 proceeding and declaratory judgment action and, in January 2014, Supreme Court "annulled it and made declarations regarding the scope of Safety Track's permissible land uses" (id.).

Safety Track subsequently requested, as permitted by the Town of Harpersfield Site Plan Review Law, a determination by the CEO as to whether specified activities at the track would require further site plan approval. The CEO issued his determination in May 2014, in which he declined to assess whether the activities were permitted under the terms of the January 2014 judgment and found that most of them would not require further review under the Site Plan Review Law. Petitioners commenced the instant proceeding to challenge the CEO's determination.[1] Supreme Court, among other things, granted the petition to the extent of annulling certain portions of the CEO's determination. Safety Track and respondent Mountain Top Airfield LLC and, separately, the CEO, have now appealed from that judgment. During the pendency of this appeal, we reversed that part of the January 2014 judgment that made declarations regarding the uses permitted under the site plan approval (Matter of Ballard v New York Safety Track LLC, 126 AD3d at 1075-1076).

While Supreme Court correctly categorized the relief sought by petitioners as a challenge to the determination of the CEO as

---

[1] Petitioners also sought to have the CEO held in civil and criminal contempt for disregarding the January 2014 judgment, but the parties subsequently stipulated to the discontinuance of those claims.

arbitrary and capricious (see CPLR 7803 [3]; Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 757 [1991]; Matter of Posada v New York State Dept. of Health, 75 AD3d 880, 882 [2010], lv denied 15 NY3d 712 [2010]), the relief granted cannot be sustained. Respondents specifically argue that Supreme Court erred in concluding that the CEO irrationally refused to take a position on whether the specified uses ran afoul of the January 2014 judgment, which declared that the site plan approval was limited to certain activities because of representations made by Safety Track in the lead-up to the grant of that approval by the Planning Board. Since we subsequently reversed that part of the January 2014 judgment (Matter of Ballard v New York Safety Track LLC, 126 AD3d at 1075-1076), and the CEO cannot be faulted for failing to adhere to or otherwise interpret judicial declarations that no longer exist, the judgment before us cannot stand (see Reed v Commercial Union Ins. Co., 101 AD2d 716, 716 [1984]).

Our review of the appealed-from judgment leaves us skeptical that Supreme Court annulled any part of the determination upon grounds other than the CEO's failure to grapple with the January 2014 judgment. Regardless, in the absence of the January 2014 judgment, we perceive nothing irrational in the determination of the CEO that the bulk of the proposed activities did not constitute a "[c]hange in the use" of the property or otherwise constitute activity that would be subject to further site plan review.

As a final matter, we are well aware that the 2014 judgment was reversed in relevant part so that Supreme Court could develop the evidentiary record as to what limits on site use were contemplated as part of the initial site plan approval (Matter of Ballard v New York Safety Track LLC, 126 AD3d at 1075-1076). Nothing in this decision should be read as precluding Supreme Court from making declarations in that regard, which may well require analysis of any future determination by the CEO as to whether additional site plan review is needed.

McCarthy, J.P., Rose and Lynch, JJ., concur.


ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted petitioners' application; petition dismissed in its entirety; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court