## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 5, 2017                    523133
_____

In the Matter of MAUREEN J.
   McCAULEY,
                    Appellant,

          v                              MEMORANDUM AND ORDER

NEW YORK STATE AND LOCAL
   EMPLOYEES' RETIREMENT SYSTEM
   et al.,
                    Respondents.
_____

Calendar Date:  November 14, 2016

Before:  McCarthy, J.P., Garry, Rose, Mulvey and Aarons, JJ.

                    _____

        Maureen J. McCauley, Albany, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for New York State and Local Employees' Retirement System, respondent.

        John T. Biscone, Ravena, for Estate of Richard Ely, respondent.

                    _____

McCarthy, J.P.

        Appeal from a judgment of the Supreme Court (McGrath, J.), entered July 20, 2015 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Comptroller denying petitioner's request for retirement death benefits.

        Petitioner and Richard Ely (hereinafter decedent) were married in 1970.  Decedent was employed by the Division of

Criminal Justice Services and was a member of respondent New York State and Local Employees' Retirement System. During decedent's membership, he completed three forms designating petitioner as the primary beneficiary of his retirement benefits, including retirement death benefits, with the most recent form dated May 14, 1992. Thereafter, on August 30, 1999, petitioner and decedent entered into a separation agreement that was ultimately incorporated, but not merged, into a divorce judgment, issued on May 28, 2004.

Decedent died on October 20, 2009. At the time of decedent's death, petitioner was still listed as the primary beneficiary of decedent's retirement death benefits, with decedent's parents, both of whom were deceased, as alternative beneficiaries. Petitioner then sought to receive decedent's death benefits. The Retirement System advised that, pursuant to EPTL 5-1.4, decedent's May 14, 1992 benefit designation was revoked. In September 2010, an executor was appointed to represent respondent Estate of Richard Ely (hereinafter the estate). A hearing was then held on petitioner's application, and an Administrative Law Judge concluded that petitioner failed to meet her burden of proving her entitlement to decedent's retirement death benefits. The Comptroller subsequently adopted the decision of the Administrative Law Judge and denied petitioner's application. Petitioner commenced this CPLR article 78 proceeding. Supreme Court found, among other things, that petitioner's request was properly denied under EPTL 5-1.4. Subsequently, petitioner appealed from that judgment, wherein this Court reversed the judgment and remitted the matter for Supreme Court to join the estate as a necessary party or to permit joinder by stipulation or motion (112 AD3d 1211, 1212 [2013]). The parties stipulated to joinder of the estate and the court granted all parties additional time to submit further memoranda. Thereafter, Supreme Court again dismissed the petition. Petitioner appeals, and we affirm.

Pursuant to EPTL 5-1.4, the Comptroller properly denied petitioner's application for decedent's retirement death benefits. EPTL 5-1.4 (a) provides that "[e]xcept as provided by the express terms of a governing instrument, a divorce . . . revokes any revocable . . . disposition or appointment of

property made by a divorced individual to, or for the benefit of, the former spouse."[1]  Such a disposition is to be interpreted as though "the former spouse had predeceased the divorced individual as of the time of the revocation" (EPTL 5-1.4).  According to legislative history, the pertinent amendment to EPTL 5-1.4, which was enacted prior to decedent's death, "would take effect immediately and shall apply [to a] disposition [that] takes effect only at the death of the person who executes it and such person dies on or after the effective date of this act" (Senate Introducer Mem in Support, Bill Jacket, L 2008, ch 173).  Moreover, "EPTL 5-1.4 was enacted to prevent a [decedent's] inadvertent disposition to a former spouse where the parties' marriage terminated by annulment or divorce and the former spouse is a beneficiary in a[n] . . . instrument which the [decedent] neglects to revoke" (Matter of Schmeid, 88 AD3d 803, 804 [2011]).  Therefore, according to the plain language of the EPTL 5-1.4 and legislative history, the statute applies to dispositions such as the one made by decedent and to persons who, like decedent, died after the amendment to the statute.  Thus, as a matter of law, petitioner is not entitled to decedent's retirement death benefits (see id.).

Further, and contrary to petitioner's contention, the application of EPTL 5-1.4 in this manner does not give the statute retroactive effect.  "Retroactive statutes are those which impair vested rights or alter past transactions or considerations" (Matter of Scism v Fiala, 122 AD3d 1197, 1198 [2014] [internal quotation marks and citation omitted]).  "A statute is not retroactive . . . when made to apply to future transactions, merely because such transactions relate to and are founded upon antecedent events" (Matter of Allied Grocers Coop. v Tax Appeals Trib., 162 AD2d 791, 792 [1990] [citations omitted]).  Decedent could have altered his death benefits up until his death, which occurred after the relevant amendment to EPTL 5-1.4, and petitioner had no vested right to the death benefits at any

---

[1]  Petitioner does not dispute the fact that the retirement death benefits designation does not contain express terms that would prevent the revocation of the benefit in these circumstances.

time prior to that amendment (see Blackmon v Estate of Battcock, 78 NY2d 735, 739 [1991]; Matter of Scism v Fiala, 122 AD3d at 1198).

Finally, additional proof established that petitioner affirmatively waived any right to the death benefits in the separation agreement. "It is well established that the terms of a separation agreement incorporated, but not merged, into a judgment of divorce are contractually binding on the parties" (Matter of Levinson v Levinson, 298 AD2d 673, 674 [2002] [citations omitted]; see Matter of Stewart v Stewart, 93 AD3d 907, 908 [2012]). "A stipulation between parties is an independent contract subject to the principles of contract interpretation, including the rule requiring courts to discern the parties' intent from the four corners of the stipulation without regard to extrinsic evidence when the contract language is unambiguous" (Matter of Black v New York State & Local Employees' Retirement Sys., 30 AD3d 920, 921 [2006] [citations omitted]). According to the separation agreement between petitioner and decedent, the parties waived "any claim in and to the pension of the other," and that "[e]ach pension shall hereafter be the sole and separate property of the respective parties and each waives his or her claim to any and all other rights, including survivorship benefits." Accordingly, by the unambiguous terms of the separation agreement (see Matter of Sbarra, 17 AD3d 975, 977 [2005]), petitioner explicitly waived survivorship benefits. Petitioner's remaining contentions are without merit.

Garry, Rose, Mulvey and Aarons, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court