United States Life Ins. Co. In The City of New York v Shields (2019 NY Slip Op 02593)





United States Life Ins. Co. In The City of New York v Shields


2019 NY Slip Op 02593


Decided on April 4, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 4, 2019

526435

[*1]UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, Respondent,
v
PATRICIA SHIELDS, Individually and as Executor of the Estate of THOMAS SHIELDS, Deceased, Respondent, and JOAN M. MALIZIA, Appellant.

Calendar Date: February 14, 2019

Before: Clark, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Hinckley, Allen & Snyder LLP, Albany (James J. Barriere of counsel), for appellant.
Fishkin Lucks LLP, New York City (Steven M. Lucks of counsel), for United States Life Insurance Company in the City of New York, respondent.
John T. Casey Jr., Troy, for Patricia Shields, respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Supreme Court (Ryba, J.), entered March 7, 2018 in Schenectady County, which, among other things, denied defendant Joan M. Malizia's motion for summary judgment on her counterclaim.
Defendant Joan M. Malizia and Thomas Shields (hereinafter decedent) had been married for approximately 11 years when, in 2004, decedent entered into a settlement of a medical malpractice claim with Medical Liability Mutual Insurance Company (hereinafter MLMIC) that, in part, provided for payment of monthly installments of $1,882 to decedent for life, or for the fixed term of 30 years, whichever was longer. Decedent designated Malizia as beneficiary. MLMIC subsequently assigned its obligation under the agreement to American Home Assurance Company (hereinafter AHAC), which purchased an annuity contract from plaintiff to fund the monthly payments due decedent. In 2008, decedent and Malizia were divorced pursuant to a judgment of divorce that incorporated, but did not merge, the settlement agreement. Neither the judgment nor the settlement agreement referred to the annuity, which was decedent's separate property because it resulted solely from his claim for personal injuries (see Domestic Relations Law § 236 [B] [1] [d] [2]). Decedent died intestate in February 2016 without having changed the annuity beneficiary designation. Decedent's estate informed plaintiff of decedent's death and asserted that the designation of Malizia as beneficiary was automatically [*2]revoked upon her divorce from decedent and, therefore, that the estate was entitled to receive all monthly payments. In March 2016, plaintiff began withholding the annuity payments until a resolution of the competing claims could be reached.
In March 2017, plaintiff commenced this interpleader action. In April 2017, Malizia answered and asserted a counterclaim seeking a declaration that she was the beneficiary and a judgment requiring plaintiff to pay all periodic annuity payments to her as decedent's beneficiary. In May 2017, defendant Patricia Shields, individually and as executor of decedent's estate, asserted a counterclaim and a cross claim seeking a declaration that the designation of Malizia as beneficiary of the annuity had been automatically revoked upon Malizia's divorce from decedent, pursuant to EPTL 5-1.4, and a judgment directing that the annuity payments be paid to Shields. After Malizia and Shields each moved for summary judgment on their respective claims, an order and judgment was entered on consent that provided for payment of all disputed funds into court and dismissal of all claims against plaintiff, with prejudice. Supreme Court then denied Malizia's summary judgment motion, finding that her claim was moot, and granted Shields' motion. Malizia appeals.
We agree with Malizia that Supreme Court erred in determining that her claim was moot. "It is well settled that a court's jurisdiction extends only to live controversies, and a matter becomes moot unless the rights of the parties will be directly affected by the determination of the claim and the interest of the parties is an immediate consequence of the judgment" (Matter of Ballard v New York Safety Track LLC, 126 AD3d 1073, 1075 [2015] [internal quotation marks, brackets and citations omitted]; see Matter of Cooperstown Eagles, LLC v Village of Cooperstown Zoning Bd. of Appeals, 161 AD3d 1433, 1435 [2018]). Supreme Court took an unduly narrow view of the relief requested by Malizia, characterizing it as being restricted to a specific request that plaintiff be directed to pay the annuity installments to her. However, Malizia plainly sought a declaration that she was the beneficiary of the annuity and an order directing that all sums due under the annuity be paid to her; she did not limit her claim to a demand that payment be made solely by plaintiff, and she did not waive her claim by consenting to a deposit of the disputed funds into court and releasing all claims against plaintiff.
Turning to the merits, EPTL 5-1.4 (a) provides that, "[e]xcept as provided by the express terms of a governing instrument, a divorce . . . revokes any revocable (1) disposition or appointment of property made by a divorced individual to, or for the benefit of, the former spouse." Malizia's argument that EPTL 5-1.4 does not apply to the annuity is unavailing. Although an annuity is not specifically identified as a governing instrument by EPTL 5-1.4 (f) (5), the statute expressly indicates that the list is illustrative and not exhaustive. An annuity is a testamentary substitute that operates similarly to the examples of governing instruments that are specifically named in the statute by providing for the disposition of property at death (see e.g. Matter of Zupa, 48 AD3d 1036, 1037 [2008]). In that regard, the annuity specifically provided for payment of the monthly installments to decedent during his lifetime, and the beneficiary designation constituted a disposition of a property interest to the named beneficiary at decedent's death, i.e., the right to receive any guaranteed payments required to be made after his death. The statute was enacted to prevent the inadvertent disposition of such property to a former spouse following termination of a marriage by creating a conclusive and irrebuttable presumption that any revocable disposition of property to a former spouse is automatically revoked upon divorce (see Matter of McCauley v New York State & Local Employees' Retirement Sys., 146 AD3d 1066, 1068 [2017], lv denied 29 NY3d 906 [2017]; Matter of Schmeid, 88 AD3d 803, 804 [2011]).
Malizia's further argument that the beneficiary designation was not revocable by decedent because it could be changed only by AHAC as the owner of the annuity contract is similarly unavailing. A revocable disposition is "one under which the divorced individual, at the time of the divorce or annulment, was empowered, by law or under governing instrument, either alone or in conjunction with any other person who does not have a substantial adverse interest, to cancel the designation in favor of the former spouse" (EPTL 5-1.4 [f] [6]). The initial settlement agreement between decedent and MLMIC authorized decedent to change the beneficiary [*3]designation upon written request "directed to [MLMIC] or its designated assignee" and further obligated MLMIC "or its designated assignee . . . to cooperate in fulfilling such request" (emphasis added). MLMIC then assigned the settlement agreement to AHAC, which purchased the annuity from plaintiff and is named as the owner. Although the annuity contract provides that beneficiary designations must be changed by the owner, AHAC must exercise that authority consistently with the obligations it assumed as MLMIC's assignee under the settlement agreement — in other words, AHAC was obligated to cooperate in fulfilling any request from decedent to change the beneficiary [FN1]. Thus, decedent was empowered, acting in conjunction with AHAC, to revoke the beneficiary designation in favor of Malizia (see EPTL 5-1.4 [f] [6]); therefore, the beneficiary designation was revoked by operation of law when decedent and Malizia were divorced. Accordingly, Malizia's summary judgment motion should have been denied on the merits. Malizia's further contentions have been considered and found to lack merit.
Clark, J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.



Footnotes

Footnote 1: In that regard, the annuity contract specifically acknowledges that, upon decedent's death, "any remaining payments due shall be paid in accordance with the settlement agreement, as they become due."