Matter of Lamb v New York State Dept. of Motor Vehs. (2020 NY Slip Op 05268)





Matter of Lamb v New York State Dept. of Motor Vehs.


2020 NY Slip Op 05268


Decided on October 1, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 1, 2020

530143

[*1]In the Matter of James Lamb et al., Appellants,
v
New York State Department of Motor Vehicles, Respondent.

Calendar Date: September 11, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Oliver Law Office, Albany (Lewis B. Oliver Jr. of counsel), for appellants.
Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the Supreme Court (Melkonian, J.), entered March 19, 2019 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioners applied to and obtained from respondent a Private Service Bureau (hereinafter PSB) license authorizing them to operate a website to assist consumers in the renewal of New York state drivers' licenses or registrations of motor vehicles on line and charge the consumers a fee in addition to the cost of the license or registration charged by respondent. Petitioners submitted an application for renewal of the PSB license in 2018 and, by decision dated August 2, 2018, the application was denied based upon various inconsistencies and deficiencies in the application and the failure to display the required disclaimer on the website in accordance with, among other things, 15 NYCRR 77.7 (f). Prior to petitioners' renewal application, respondent levied charges against petitioners, alleging fraud and noncompliance with various regulations in connection with the use of the PSB license. Following a hearing, an Administrative Law Judge, in a decision dated September 14, 2018, revoked petitioners' PSB license. Petitioners submitted an administrative appeal from the revocation of their PSB license and were granted a stay pending that appeal.
Thereafter, petitioners commenced this CPLR article 78 proceeding challenging respondent's August 2, 2018 denial of the application for renewal of their PSB license. Respondent moved to dismiss the petition on the grounds that petitioners failed to state a cause of action or exhaust their administrative remedies and that the claims are moot and were asserted in a different administrative proceeding. Supreme Court, finding that the denial of the application to renew was superseded by the revocation of the PSB license, granted respondent's motion to dismiss the proceeding as moot. Petitioners appeal.
We affirm. "It is well settled that a court's jurisdiction extends only to live controversies" (Matter of Ballard v New York Safety Track LLC, 126 AD3d 1073, 1075 [2015]; see Matter of Truscott v City of Albany Bd. of Zoning Appeals, 152 AD3d 1038, 1039 [2017]). "In general[, a matter] will be considered moot unless the rights of the parties will be directly affected by the determination . . . and the interest of the parties is an immediate consequence of the judgment" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; see Matter of Canarelli v New York State Dept. of Corr. & Community Supervision, 177 AD3d 1058, 1059 [2019]; Matter of Ballard New York Safety Track LLC, 126 AD3d at 1075).
The subsequent administrative determination revoking petitioners' PSB license superseded the determination denying their application for review, effectively eliminating any potential to renew the license (see Matter of Bland v Gellman, Brydges & Schroff, 127 AD3d 1436, 1437 [2015], lv dismissed 26 NY3d 948 [2015]).[FN1] Because a determination regarding the renewal application would have no immediate consequences nor effect the rights of the parties, Supreme Court properly granted the motion to dismiss the petition as moot (see Matter of Ballard v New York Safety Truck LLC, 126 AD3d at 1075; see e.g. Matter of Canarelli v New York State Dept. of Corr. & Community Supervision, 177 AD3 at 1059-1060; Matter of Jablonski v Carter, 162 AD3d 1364, 1365 [2018]; Matter of Truscott v City of Albany Bd. of Zoning, 152 AD3d at 1039). We are unpersuaded by petitioners' contention that the exception to the mootness doctrine applies (see Matter of Hearst Corp. v Clyne, 50 NY2d at 714-715).
Lynch, J.P., Clark, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Notably, the decision revoking petitioners' PSB license was subsequently affirmed by the Department of Motor Vehicles Administrative Appeals Board, by decision filed February 25, 2020.