Matter of DeWolf v McDonald (2026 NY Slip Op 01099)

Matter of DeWolf v McDonald

2026 NY Slip Op 01099

Decided on February 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 26, 2026

CV-24-1117 CV-25-0151
[*1]In the Matter of Andrew P. DeWolf, Appellant,
vJames . McDonald, as Commissioner of Health, et al., Respondents.

Calendar Date:January 12, 2026

Before:Garry, P.J., Clark, Pritzker, Powers and Corcoran, JJ.

Andrew P. DeWolf, Lyons, appellant pro se.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondents.

Powers, J.
Appeals (1) from a judgment of the Supreme Court (Andra Ackerman, J.), entered April 1, 2024 in Albany County, which granted respondents' motion to dismiss the petition, (2) from an order of said court, entered May 22, 2024 in Albany County, which, among other things, granted that part of petitioner's motion seeking renewal and, upon renewal, adhered to its prior decision and (3) from an order of said court, entered December 3, 2024 in Albany County, which, among other things, denied petitioner's motion for renewal.
In June 2021, respondent Department of Health (hereinafter DOH) served petitioner with a notice of hearing and statement of charges, alleging that, between 2018 and 2019, petitioner endangered the lives of 26 patients in his care as an emergency medical technician (hereinafter EMT).[FN1] Petitioner contested the charges and, after an evidentiary hearing, an Administrative Law Judge (hereinafter ALJ) issued a report and recommendation that the charges be sustained, petitioner's EMT certification be revoked and he be fined $26,000. Petitioner filed exceptions to the report and recommendation administratively and, significant to this appeal, separately commenced the instant proceeding pursuant to CPLR article 78. Respondents moved to dismiss the proceeding for failure to exhaust administrative remedies, which Supreme Court granted in an April 2024 judgment. Petitioner then moved for reargument and/or renewal and, in a May 2024 order, the court granted renewal and, upon reviewing papers which it had not in the first instance, adhered to its prior decision. Subsequently, in July 2024, respondent Commissioner of Health issued a final determination which adopted the ALJ's report and recommendation. Petitioner again moved for renewal of the April 2024 judgment dismissing the petition and attached to that motion, among other things, the Commissioner's final determination. In a December 2024 order, the court denied the second motion seeking renewal on the basis that petitioner failed to demonstrate new facts or allege a change in the law. Petitioner appeals from the April 2024 judgment, as well as the May 2024 and December 2024 orders.
Petitioner does not dispute that, nearly one year after he commenced this proceeding, the Commissioner issued a final determination which adopted and made effective the ALJ's report and recommendation. As the final determination effectively supersedes the nonfinal report and recommendation, petitioner's rights would not be impacted by a determination on the soundness of the report and recommendation and, consequently, the arguments raised herein have been rendered moot (see Matter of Lamb v New York State Dept. of Motor Vehs., 187 AD3d 1269, 1270 [3d Dept 2020]; Matter of Direct Energy Servs., LLC v New York State Pub. Serv. Commn., 174 AD3d 1194, 1196 [3d Dept 2019]). Despite petitioner's urging to the contrary, the exception to the mootness doctrine does not apply (see generally Matter of Hearst Corp. v Clyne, 50 [*2]NY2d 707, 714-715 [1980]). A challenge such as this is not likely to recur or evade review, as challenges to nonfinal administrative determinations are generally precluded under CPLR 7801 (1) and arguments as to the underlying merits can be made upon entry of a final determination (see Matter of Viznitz Insts., Inc. v New York State Educ. Dept., 244 AD3d 1338, 1340 [3d Dept 2025]; Matter of Marxuach v New York State Dept. of Corr. & Community Supervision, 211 AD3d 1442, 1444 [3d Dept 2022]; Matter of Duve v Richards, 81 AD3d 1226, 1227-1228 [3d Dept 2011]). Indeed, petitioner has commenced a new CPLR article 78 proceeding contesting the final determination, which remains pending before this Court.
Accordingly, petitioner's appeal from the April 2024 judgment dismissing the petition and his appeals from those aspects of the May 2024 and December 2024 orders seeking renewal must be dismissed as moot. Relatedly, petitioner's appeal from the portion of the orders denying reargument must also be dismissed, as no appeal lies from the denial of a motion to reargue (see Santiago v General Motors LLC, 232 AD3d 1173, 1175 [3d Dept 2024]; Matter of Center for Jud. Accountability, Inc. v New York State Joint Commn. on Pub. Ethics, 228 AD3d 1148, 1148 n 2 [3d Dept 2024], appeal dismissed 43 NY3d 934 [2025]).
Garry, P.J., Clark, Pritzker and Corcoran, JJ., concur.
ORDERED that the appeals are dismissed, as moot, without costs.

Footnotes

Footnote 1: DOH charged petitioner with 134 violations of basic and advanced life support treatment protocols; namely, that he failed to regularly monitor patients' vital signs, failed to follow instructions from supervising physicians and overdosed patients on various controlled substances.